[Crim. No. 702.   Fourth Dist.   Apr. 11, 1947.]

THE PEOPLE, Respondent, v. ROBERT BOYD, Appellant.

Edgar G. Langford for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of possession by an ex-convict of a firearm capable of being concealed upon the person, in violation of Act 1970, section 2, of the General Laws of this state. The information alleged that on July 6, 1946, the defendant had in his possession and control a firearm having a barrel less than twelve inches in length, and that in 1938 he had been convicted of a felony in the State of Ohio and had served a term in the Ohio State Reformatory. After pleading not guilty, the defendant was tried by a jury and he has appealed from the judgment of conviction.

There is no dispute as to the facts of the case. The defendant's wife owned a photographic studio in San Diego and was in the business of taking snapshot photographs of patrons in various night clubs and selling pictures which were quickly developed. The defendant did the developing work at the studio. On the night of July 6, 1946, the defendant's wife was twice molested by a group of sailors, being knocked down on one of the occasions. She reported the matter to the Navy Shore Patrol. After the second incident she returned to the studio where her husband was working.

The defendant finished developing some pictures which were to be delivered, and as his wife was afraid to return to the night club alone he agreed to accompany her. The wife owned some sort of a gun, whether a pistol or revolver does not clearly appear, which she had purchased in Cleveland at a time when her husband was working at night. Before returning to the night club she put this gun in her bag, in which she carried her photographic slides and flash bulbs. The gun was so long that the butt end hung outside the bag and it was impossible for her to close the zipper. When the defendant and his wife left the night club they were followed by two of the sailors who started an altercation with them on a street corner. The defendant finally took the gun out of his wife's bag and shot one of the sailors, apparently in the defense of his wife and himself. The defendant and his wife then fled from the scene and the defendant threw the gun into the bay. They returned to their home and the defendant at once telephoned to the police, advising them of what had occurred and then awaited the arrival of the officers.

So far as indicated by the record before us, the defendant was justified in shooting the sailor. It does not appear whether or not he was prosecuted for any offense in that connection and we are involved here only with the charge that he was thus temporarily in possession and control of a firearm in violation of Act 1970, section 2, of the General Laws. That he was an ex-convict, and that he took the gun from his wife's bag and shot the sailor, is admitted. The sole ground of appeal is that the evidence is insufficient to sustain the judgment in that it is not sufficient to sustain the implied finding of the jury that the gun in question had a barrel less than twelve inches in length.

The gun was never recovered and the People put on no direct evidence as to the length of its barrel. The sailor who

was shot testified twice that it was a pistol and, later, that he could not tell whether it was a pistol or a revolver. A police officer testified that when he responded to the call made by the defendant the defendant told him the general facts as to what had occurred, and that the defendant told him he took a revolver with him, "a 32-20 revolver." When asked whether anything had been said as to how or why he carried the revolver, he replied "In a pocket. I don't recall whether it was the coat or pants pocket." A deputy sheriff, who had held the national shooting championship, testified as to his familiarity with pistols and revolvers; that a 32-20 revolver with a target barrel generally has a barrel around six or six and a half inches; that while models are specifically made up in many instances they usually come with barrels two, four, six or eight inches long; that in saying this he was referring to two particular makes; that he did not know the length of barrel of another make of 32-20; that he had seen revolvers and single shot pistols with barrels up to twelve inches; and that these were usually made to the specification of the person who ordered it. On cross-examination, he testified that the various manufacturers of firearms have continually experimented over the years and manufactured revolvers and other guns according to individual desires or specifications; that he had seen revolvers with barrels twelve inches in length; and that he had shot such guns with barrels about fourteen or sixteen inches long.

The defendant and his wife both testified that the barrel of this gun was more than twelve inches long. The defendant testified that he called this gun a "horse pistol" and that the entire gun was seventeen or eighteen inches in length; that the gun was in a bag which his wife carried over her shoulder; that the gun was placed in this bag with the muzzle down in the corner; that the butt of the gun was hanging out of the bag and that the handle of the gun was on the outside of the bag; and that when he took the gun from the bag he did not have to feel for it, he just put his hand on it. The defendant's wife testified that the barrel of the gun was longer than twelve inches; that it was "a little bit longer than" twelve inches; that she put the gun in her bag; that the gun was so big she could not close the bag; and that the butt end of the gun extended out from the bag. During the examination of these witnesses a fifteen-inch ruler was placed in this bag in the general position of the gun, as described by these witnesses,

and one and a quarter inches of the ruler extended over the top of the bag.

While there is no direct evidence that the barrel of this gun was less than twelve inches in length the respondent makes two contentions in support of the judgment. It is first contended that it is not necessary in such a case to prove that the gun in question has a barrel less than twelve inches in length. It is argued that the real purpose of this law, as material here, is to prohibit the carrying by an exconvict of a firearm which is capable of being concealed on the person; that the portion of the statute which reads "the terms 'pistol,' 'revolver' and 'firearms capable of being concealed upon the person' as used in this act shall be construed to apply to and include all firearms having a barrel less than twelve inches in length" was not meant to exclude firearms with barrels longer than twelve inches; and that it follows that the length of the barrel of the gun need not be proved. This contention is without merit. The wording of the statute, in defining these terms for the purpose of the statute as applying to and including all firearms having a barrel less than twelve inches in length, was clearly intended to make the statute inapplicable to firearms having a barrel twelve inches or more in length.

The respondent further contends that the evidence that when a fifteen-inch ruler was placed in this bag only one and a quarter inches showed outside of the bag is sufficient to establish beyond a reasonable doubt that the barrel of this gun was less than twelve inches in length. It is argued that since only thirteen and three-quarters inches of the ruler remained in the bag and all of the chamber and operating mechanism of the revolver, which could well have been more than an inch and three-quarters in length, were within the bag, the length of the barrel must, of necessity, have been less than twelve inches in length. However, there is no evidence as to the length of the "chamber and operating mechanism"; none as to the distance between the handle and the barrel of the gun, and no definite evidence as to how much of the gun protruded from the bag. Two witnesses testified that the butt end of the gun hung over the top of the bag, and one of them testified that the handle of the gun was on the outside of the bag and that he did not feel for it but could just pick it up. It was incumbent upon the prosecution to prove beyond a reasonable doubt that the barrel of this gun was less

than twelve inches in length. While the evidence here relied on may be sufficient to raise a suspicion it is not, in our opinion, sufficient to establish the required fact beyond a reasonable doubt. In a criminal case, the judgment should rest upon some substantial evidence proving the required facts, and the jury should not be allowed to decide such facts upon mere surmise and conjecture.

The judgment is reversed.

Marks, J., and Griffin, J., concurred.