[Crim. No. 6700. Second Dist., Div. Three. Dec. 23, 1959.]

THE PEOPLE, Respondent, v. SANDRA LOUISE DE FALCO et al., Defendants; DOMINICK J. CHRISTIANO, Appellant.

Russell E. Parsons and Edward I. Gritz for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David B. Allen, Deputy Attorney General, for Respondent.

SHINN, P. J.—Dominick J. Christiano and Sandra Louise De Falco were charged in separate counts of an information with the violation of the Deadly Weapons Control Law (Pen. Code, §§ 12000-12030). In another count Mrs. De Falco was charged with violation of section 480 of the Vehicle Code. The charge against Christiano was that he was in possession of a .38 caliber revolver capable of being concealed upon the person, said firearm having a barrel less than 12 inches in length, and that he had been convicted of attempted robbery, a felony, in the State of New Jersey March 14, 1941. It was also alleged that he had been convicted of robbery in New Jersey April 19, 1933. At the inception of the trial Christiano personally admitted the conviction on March 14, 1941. He denied the alleged conviction on April 19, 1933. There was a severance of the trials.

In a jury trial Christiano was convicted as charged in Count 2 of the information. The court made no finding as to the alleged conviction of robbery on April 19, 1933. The motion of defendant for a new trial was denied, probation was denied and he was sentenced to spend nine months in jail. He appeals from the judgment (Pen. Code, § 1237) and from the order.

Sections 12001 and 12021 read as set out in the margin.[1] There was evidence of the following facts: between one and two in the morning the two defendants arrived in a car at a drive-in restaurant where some 25 or 30 persons were congregated. Mrs. De Falco was driving. In attempting to park she hit another car. An altercation ensued. Mrs. De Falco became extremely abusive. In starting to leave she

---

[1] "§ 12001. 'Pistol,' 'revolver,' and 'firearms capable of being concealed upon the person' as used in this chapter apply to and include all firearms having a barrel less than 12 inches in length. This chapter does not apply to antique pistols or revolvers incapable of use as such."

"§ 12021. Any person who is not a citizen of the United States and any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both."

bumped into a young man named David Rich, knocking him back. She refused to exhibit her operator's license and drove away. In less than an hour she and Christiano appeared in another car which Mrs. De Falco parked. Another argument ensued in which Christiano took no part. The defendants again left and were followed by about six youths in a station wagon. They overtook the De Falco car at an intersection.

The evidence with respect to the weapon consisted of the testimony of Tim O'Bryan, David Hathaway and Walter Beck. O'Bryan testified that while defendants were at the restaurant the second time he stood by their car; he observed Christiano's waistband; his coat was open and he had a weapon of some type that "looked like a gun"; all O'Bryan could see was the butt down to the cylinder. Shown a revolver with a 2-inch barrel he was asked whether the weapon he saw looked like the one shown him. He replied that the one he had seen was a darker color but that it was "approximately" similar to the one shown him; the "handle" was smaller. Beck testified that he was present at both appearances of the defendants. On the second occasion someone said "Well, he has got a gun." When the De Falco car left Beck joined the others in following it. When it was overtaken Mrs. De Falco reached for a gun, said "I am going to kill you all," and pointed a gun at them "or downwards." Questioned whether the gun he saw was like a .38 revolver shown to him he answered "From where I saw it, it looked just about like that." He knew nothing about guns except what he had learned from watching television. David Hathaway testified that he was present on both occasions. On the second occasion he saw a gun stuck in Christiano's belt; he saw the butt and part of the cylinder. He also was shown a .38 caliber gun and testified that the one he had seen in Christiano's belt looked like the one shown him. He also followed the defendants when they left. When he pulled up alongside, Mrs. De Falco reached over, her hand went down and came up with a gun. It looked similar to the one he had seen in Christiano's belt.

David Rich and Philip McKay stood by the De Falco car with the others. Neither of them saw a gun. Both defendants testified that neither had a gun that evening.

The evidence was sufficient to prove that each defendant was in possession of a gun. (*People* v. *Billingsley,* 161 Cal. App.2d 247 [326 P.2d 642].)

 There was a minimum of evidence that Christiano

was in possession of a revolver as defined by section 12001. With three witnesses on the stand for the purpose of describing a firearm and its possession by the defendants, for some unknown reason, no one of them was questioned as to the length of the barrel of the gun he saw.

It is the purpose of the statute to make it unlawful for ex-convicts to carry a gun that will shoot and not merely objects that look like usable guns. However, we believe it was reasonable for the jury to infer that Christiano did not have in his belt a revolver or pistol that was 16 or 17 inches long, with a barrel over 12 inches in length. If the witnesses had seen a gun with a barrel over 12 inches in length they would scarcely have said that it looked like the one shown them in court, which had a 2-inch barrel. Moreover, Christiano admitted on cross-examination that he had previously been convicted of two felonies, robbery in 1933 and conspiracy in 1941. Mrs. De Falco, in her cross-examination, admitted that she had been convicted of two felony offenses. The jury could have inferred that neither defendant would have been carrying a toy gun or one that was useless.

The facts of the present case are unlike those in *People* v. *Boyd*, 79 Cal.App.2d 90 [178 P.2d 797] in which a conviction of violation of section 12021 was reversed for insufficiency of the evidence. The undisputed evidence of the defendant in that case was that the pistol, a "horse pistol," had a barrel over 12 inches in length.

Defendant argues that there was insufficient proof of the corpus delicti in that there was no evidence that he had a gun which was capable of firing a cartridge. (Pen. Code, § 12001.) The argument is unavailing for the reasons already stated.

The People were not required to prove that the gun was not an antique pistol or revolver "incapable of use as such." (*People* v. *Halcomb*, 172 Cal.App.2d 177 [342 P.2d 2].)

The court instructed that neither the prosecution nor the defense was required to call as witnesses all persons who might have some knowledge of the facts of the case. Error is assigned in the giving of this instruction. There was no error. Seven persons out of 25 or more who were at the drive-in were called as witnesses. Defendant suffered no harm from the instruction. It relieved him of any unfavorable inference that might have been drawn from his failure to call additional witnesses. It was a correct statement of the law. (*People* v. *Chapin*, 145 Cal.App.2d 740 [303 P.2d 365].) No other points are raised on the appeal.

There is a patent error in the judgment. It recites that Christiano had been found guilty of violation of section 12021 Penal Code as charged in each of Counts 2 and 3 of the information and that he was sentenced to imprisonment for a term of nine months ''on said counts.'' He was charged with but a single offense, in Count 2. The judgment is modified by striking out the words ''in each of Counts 2 and 3'' and substituting therefor the words ''in Count 2'' and by striking out the words ''on said Counts'' and substituting the words ''on said Count.''

The judgment as so modified and the order denying the motion for new trial are affirmed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied January 7, 1960, and appellant's petition for a hearing by the Supreme Court was denied February 17, 1960.