[Crim. No. 211.   Second Appellate District.—December 4, 1911.]

## THE PEOPLE, Respondent, v. GEORGE MARTINEZ, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—INTENT TO COMMIT MURDER—VERDICT SUSTAINED BY EVIDENCE.—Under a charge of an assault with a deadly weapon with intent to murder the complaining witness, it is held upon a review of the evidence that it is amply sufficient to support the verdict of guilty as charged.

ID.—PROVINCE OF JURY—DISBELIEF OF DEFENDANT—OTHER EVIDENCE PRODUCING SUFFICIENT PROOF.—It was for the jury to determine from the evidence with what intent the accused made the assault. They had the right to reject altogether the mere assertion of the

defendant in his testimony that he did not intend to kill the complainant, if upon a survey of all the other facts and circumstances shown in evidence the jury were satisfied, beyond a reasonable doubt, that the defendant's intent at the time he committed the assault was to commit murder as charged. Their conclusion on that matter must be considered as final.

ID.—NATURE OF ASSAULT WITH INTENT TO MURDER—SERIOUS WOUND NOT ESSENTIAL.—An assault with intent to commit murder, in its execution, necessarily falls short of the crime of murder itself. The victim of such an assault still lives, and it is not essential that he or she should have been desperately or even seriously wounded, in order to establish that the assault was committed with murderous intent.

ID.—ASSAULT AND WOUND WITH LARGE KNIFE—STRUGGLES OF COMPLAINANT—LEGAL INFERENCE BY JURY.—Where there is evidence that the assault by the defendant upon the complainant was made with a large knife, and the wound inflicted showed that the instrument used was of a deadly character, and the fact that a more dangerous injury did not result was rather due to the struggles of the complainant than to any nice care exercised by the defendant to avoid the infliction of a mortal wound, the jury could legally infer that the assault charged was committed with murderous intent.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

W. R. McQuiddy, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of assault with a deadly weapon with intent to commit murder. The sentence pronounced against him was that he be imprisoned in state prison for the term of two years. He has appealed from this judgment and from an order denying his motion for a new trial.

For several months, and until about three weeks prior to the date upon which the alleged assault was committed, defendant and one Mary Rodrigues, the complainant, had lived

together without the sanction of any marriage ceremony at the town of Hanford in Kings county. The woman finally left the house of defendant and went to live at another place, and with another man, in the same town. On the morning of March 31, 1911, defendant went to the house where the woman then was and attacked her with a knife, inflicting, besides a small wound on the wrist, a cut across her shoulder of about four inches in length and from one-half to three-quarters of an inch in depth. The complaining witness testified that Martinez came in at the door and asked her why she had left his house, to which she replied that she had left because he had ordered her to, and that the man immediately advanced upon her in an angry manner with a knife, the blade of which was about five inches in length; that she parried his blows in part, and that after striking her on the shoulder and wounding her, he left the room and went away. A young woman, Petra Gomas, who was in the room with the complainant when defendant arrived, and who had gone out to obtain assistance upon discovering the angry manner of the latter, did not see defendant commit the assault, but did hear the complainant scream when she was attacked. After he had cut the woman in the manner described, defendant went out, and when discovered by the peace officers he was running toward the outskirts of the town. By this time he had thrown away the knife which he had used in making the assault, and the weapon was not found nor produced at the trial. Defendant, testifying in his own behalf, asserted that he had gone to see the woman on a peaceful errand to ask her for some money of his which he claimed she had taken from his house. He admitted having used the knife upon her person, but testified that it was a small knife, and that the woman had thrown a stick of wood at him before he cut her, and that he had had no intention of killing her at the time.

Defendant complains that there was no evidence warranting the jury in determining that he was guilty of an assault with intent to commit murder. In passing upon the question of the guilt of defendant, the jury assumed the duty of determining with what intent the accused made the assault, and as to this matter its conclusion must be considered as final. The mere assertion of defendant when he testified that

he had no intention of killing complainant the jury was entitled to reject altogether, if upon a survey of all the other facts and circumstances shown in evidence the jurymen were satisfied beyond a reasonable doubt that the defendant's intent at the time he committed the assault was of the kind charged. An assault with intent to commit murder in its execution necessarily falls short of the crime of murder itself. The victim of such an assault still lives, and it is not essential that he or she should have been desperately, or even seriously, wounded in order to establish that the assault was committed with murderous intent. In the brief summary of the evidence which we have given, there appears ample proof to support the verdict of the jury. It was shown by the testimony of the complaining witness that the assault was made with a large knife; the wound inflicted clearly demonstrated that the instrument used was of a deadly character, and that a more dangerous injury did not result was no doubt due to the struggles of the complainant, rather than to any nice care exercised by defendant to avoid the inflicting of a mortal wound. In order to uphold the appellant in his position, it would be necessary to say that no evidence was presented to the jury from which the intent necessary to make out the crime charged could be legally inferred. The record does not present such a case.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.