[Crim. No. 1285. First Appellate District, Division Two.—April 15, 1926.]

## THE PEOPLE, Respondent, v. CHARLES CUPP, Appellant.

[1] CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — ACCUSATORY STATEMENTS MADE IN PRESENCE AND HEARING OF DEFENDANT— EVIDENCE.—In a prosecution for an assault with a deadly weapon with 'intent to murder a police officer while he was engaged in questioning defendant regarding his actions toward two small boys while seated together in a moving picture theater and which had caused the officer to suspect that defendant was committing certain acts contributing to the delinquency of the boys, the trial court did not err in allowing the police officer to testify what

was said to him by one of the boys, which confirmed the suspicions of the officer, where, before reciting the conversation, the officer testified that the conversation was held in the presence and hearing of defendant.

[2] ID.—ARREST WITHOUT WARRANT—OFFENSE COMMITTED IN PRESENCE OF POLICE OFFICER.—In such prosecution there was no merit in the contention of defendant that the offense, if any, committed by him while seated in the theater with the boys was a misdemeanor and that the police officer did not have a warrant when he stopped defendant as he was leaving the theater, where the record does not disclose whether the officer had or had not procured a warrant and it was the claim of the officer that a public offense had been committed in his presence, since, under section 836 of the Penal Code, the officer did not need a warrant to make an arrest under such circumstances.

[3] ID.—ASSAULT WITH DEADLY WEAPON—INTENT—EVIDENCE—VERDICT—APPEAL.—In such a prosecution, the intention of the defendant at the time he fired the shot is a question for the jury, and the appellate court has no power to disturb the finding of the jury thereon.

[4] ID.—INSTRUCTIONS—SELF-DEFENSE.—In such prosecution, where on the trial defendant presented the issue of self-defense and examined each juror, on his *voir dire* examination, on the subject of the juror's prejudice, or want of prejudice, as to that defense, and later testified that he acted in self-defense, it was proper for the trial court to instruct the jury on the subject of self-defense, although defendant testified that he fired the shot to summon assistance and that he had not made the claim that he fired to defend himself from the acts of the officer.

(1) 16 C. J., p. 579, n. 98.    (2) 5 C. J., p. 395, n. 28.    (3) 30 C. J., p. 324, n. 76.    (4) 30 C. J., p. 367, n. 11, p. 368, n. 12.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Raine Ewell for Appellant.

2.  See 3 Cal. Jur. 117.
3.  See 3 Cal. Jur. 223, 224.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was informed against on a charge of assault with a deadly weapon with intent to commit murder, he entered a plea of not guilty, a trial was had in the trial court sitting with a jury, the jury returned a verdict, guilty as charged, the defendant made a motion for a new trial, his motion was denied, and a judgment of conviction was entered against him. He has appealed from the order denying his motion for a new trial and from the judgment.

On the evening of the 3d of March, 1925, the defendant entered the Panama Theater and took a seat in the front row. A little later a small boy entered and took a seat on the defendant's left and another small boy entered and took a seat on the defendant's right. During the evening Harry W. Crowley, a police officer, dressed in civilian clothes, and Frank J. McCarthy, his friend, entered the theater and took seats a few rows behind the defendant. The police officer and his companion were acquainted with Chester Conkling, the proprietor, and attended the theater partly to visit the proprietor and partly to see the picture that was being presented. As the performance proceeded the police officer observed certain actions on the part of the defendant that caused him to suspect that the defendant was committing certain acts contributing to the delinquency of the small boys. He excused himself from his companion and held a conversation with the proprietor. Later the police officer took another position where he could the better observe the defendant and his actions. During the evening the proprietor went down the aisle on three different occasions specially to observe if any one of his patrons was misbehaving in any respect. Still later the police officer took a position where he could intercept the defendant and the boys as they came out of the theater. One of the boys arose from the seat above mentioned and went to where some women were seated and did not return to where the defendant was. The other boy and the defendant at a later time came out of the theater. As they approached the police officer the officer testified that he stopped them and direct-

ing McCarthy to watch the defendant Crowley proceeded
to make inquiries of the boy as to what had happened.
In reply to a question propounded to him Crowley stated
that the conversation with the boy was held within the
presence of the defendant and thereupon Crowley proceeded
to relate the conversation that had taken place.  Among
other things, he stated that the boy had stated to him the
acts committed by the defendant which need not be recited
at this time, but which confirmed the suspicions of the offi-
cer.    Thereupon Crowley turned to the defendant, who
stood near by with his hands in his coat pockets.  As Crow-
ley turned to him he remarked to the defendant, "You are
a fine man, aren't you," the defendant replied, "Yes, you
son-of-a-bitch, take that," and he fired a shot.   Thereafter,
as Crowley attempted to place the defendant under arrest,
a struggle ensued.  McCarthy went to the assistance of
Crowley and the struggle continued.  Later some bystanders
assisted and the defendant was handcuffed.  During the
struggle the police officer drew his own pistol and held it
by the muzzle; he hit the defendant over the head, using
the pistol as a club.  After the defendant had been hand-
cuffed a call was put in for the patrol wagon and when it
arrived the defendant was taken to the hospital to be treated
for the cuts caused by the strokes he had received over the
head.   The foregoing facts were fully testified to by the
police officer and corroborated by the testimony of Frank J.
McCarthy and the testimony of Chester Conkling.  The boy,
who had made the statement to the officer, stood by until
about the time the shot was fired and then in the excitement
he disappeared and the record does not disclose his name,
but does disclose the fact that he has not since been seen
by the prosecuting witness.  The defendant took the stand
in his own behalf and testified to the occurrences of the
evening and claimed that he had been guilty of no act look-
ing to the delinquency of the boys; that he knew nothing
of the reasons why he was stopped on going out of the
theater—that he believed that he was being held up and
that he fired the shot for the purpose of summoning assist-
ance to prevent his being held up and robbed.

[1]  From the testimony of McCarthy the appellant quotes
passages showing that at the time Officer Crowley was talk-
ing to the small boy the defendant was so far away that he

could not hear the conversation which took place. Thereupon the appellant claims that the trial court committed error in allowing the police officer to state before the jury what was said to him by the small boy. The point is without merit. Before reciting the conversation the witness Crowley testified that the conversation was held within the presence of the defendant—it was made in the presence and hearing of the defendant. Under these circumstances it was not improper to allow the witness to recite the conversation.

[2] The appellant also contends that Officer Crowley had no authority to make the arrest by stopping the defendant as he came out of the theater. As we understand him, his argument is that the offense, if any, committed by the defendant while seated in the front row with the small boys was a misdemeanor and that Officer Crowley did not have a warrant when he stopped the defendant as the defendant was going out of the theater. There are two answers to the point. The record does not disclose whether the officer had procured or had not procured a warrant. Furthermore, it was the claim of Officer Crowley that a public offense had been committed or attempted in his presence and therefore that he did not need a warrant to authorize him to make an arrest. (Pen. Code, sec. 836.)

[3] The appellant makes another point that is not altogether clear, but as we understand him it is his claim that when he fired the shot he did not attempt to shoot at Officer Crowley, but, as he testified, the shot was fired for the purpose of summoning assistance. In connection with this point there is no claim that any evidence was improperly admitted or that any was improperly excluded. All of the facts were presented to the jury. It was therefore a question for the jury to determine what was the intention of the defendant at the time he fired the shot, and as the record stands this court has no power to disturb the finding of the jury thereon.

[4] On the trial the appellant presented the issue of self-defense and examined each juror, on his *voir dire* examination, on the subject of the juror's prejudice, or want of prejudice, as to that defense. Later the appellant testified that he acted in self-defense. The trial court, among other things, instructed the jury on the subject of self-defense. The appellant does not claim that any one of the instruc-

tions was an erroneous statement of the law, but he does claim that instructions on self-defense should not have been given in the instant case. In this connection he quotes his own testimony to the effect that the shot was fired to summon assistance and that he had not made the claim that he fired to defend himself from the acts of Officer Crowley when the officer made the statement, "You are a fine man, aren't you," and took hold of the lapel of the defendant's coat. The record is not to be judged solely by a consideration of the testimony given by the defendant. Finally, in view of the whole record, we are not inclined to the opinion that the instructions were given in an improper case.

The order and judgment are affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 13, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1926.