[Crim. No. 8591. Second Dist., Div. Two. Dec. 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE EFREN BECERRA, Defendant and Appellant.

Jack Dunaway, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment of conviction which concluded a nonjury trial in which he was charged with the crime of assault with intent to commit murder in violation of section 217 of the Penal Code. As set forth in his opening brief, ''Appellant's only point on appeal is that the evidence is insufficient to establish the intent necessary to section 217, Penal Code,'' and that he ''should have been convicted, if at all, of section 245, Penal Code.''

The evidence, which is uncontradicted, established that on April 25, 1962, appellant drove his wife to a hospital where she was to receive treatment. Relations between them had been strained and difficult for some time, apparently due to appellant's jealousy. Appellant testified that his wife told him ''he was just imagining things.'' He had asked her to call the man in question to demonstrate that his suspicions were unwarranted and thereby get him ''out of his misery.''

When his wife refused to make such a call, appellant doubled up his fists and knocked her to the floor. He then fell upon her and began to stab her with his pocket knife. He stabbed her a total of 42 times, inflicting wounds on her arms, chest and back. The attack continued over an extended period and she lost consciousness at times.

A man who had been waiting in the reception room testified that he was attracted by the wife's screams and rushed out into the corridor where the attack was in progress. When he saw the blood and the knife in appellant's hands, he pushed and kicked him off his victim. Appellant ''made a pass'' at this witness with his knife, but missed. He then recommenced stabbing his wife. The witness pushed appellant away from her three or four times, but each time appellant immediately returned to her and continued the attack. Finally, with the aid of a doctor, the knife was kicked from his hand and the assault was halted. The wife was hospitalized and seven or eight blood transfusions were required. The wounds on her arms alone required at least ''fifty or sixty stitches'' to close.

It is manifest from the foregoing that appellant's contentions are wholly without merit. Appellant urges that his crime should have been reduced to a lesser offense either at the time of trial or upon his motion for a new trial. ▇ In each instance this application was denied, although, as noted in *People* v. *Thomas,* 25 Cal.2d 880, 905 [156 P.2d 7], ''... upon an application to reduce the degree or class of an offense, a trial judge may review the *weight* of the evidence

but an appellate court should consider only its *sufficiency as a matter of law.*" (Italics those of the court.)

■ The intent with which appellant committed this savage assault upon his wife was, of course, a question of fact for the trial court. ■ "The nature of the assault, especially the weapon used and the manner in which it was used, the actual consequences of the assault, including the nature, seriousness, and location of the wound, as well as consequences likely to follow, ... are among the circumstances that may support a finding that the assault was made with intent to commit murder." (25 Cal.Jur.2d, Homicide, § 165, pp. 678-679.)

■ Appellant's ultimate contention is that the trial court could not reasonably infer that a man who has attacked his helpless wife with a knife until he has inflicted upon her a total of 42 stab wounds, did so with the intent to kill her. The very assertion of such a patently unreasonable contention carries its own refutation.

The judgment of conviction is affirmed.

Fox, P. J., concurred.