[Crim. No. 1955.   Fourth Dist.   Apr. 9, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH ROY
WILLIAMS, Defendant and Appellant.

James H. Radcliffe, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Under a two-count information the defendant was convicted of assaults upon his wife, Noriko Williams, and upon Sharon Palmer, with intent to commit murder.

On April 4, 1963, the defendant shot his wife and shot in the direction of Sharon Palmer. He contends that the judgment should be reversed because the evidence is insufficient to establish that the assaults thus committed were with intent to commit murder. We have concluded that his contention insofar as it applies to the assault upon his wife is without merit, but insofar as it applies to Sharon Palmer, is well taken.

There was evidence showing that the defendant shot his wife at close range; had previously, on many occasions, threatened to kill her; had pointed a gun at her many times before; on one occasion had stabbed her with a knife; and had engaged in a violent quarrel with her on the night before the shooting. Such evidence, if accepted by the jury, was sufficient to support an inference that the shooting was with intent to murder. (*People* v. *Pineda,* 41 Cal.App.2d 100 [106 P.2d 25]; *People* v. *Cupp,* 77 Cal.App. 472, 475, 476 [246 P. 1085]; *People* v. *Martinez,* 17 Cal.App. 579, 581-582 [120 P. 786].)

However, the judgment must be reversed for other reasons. After he was in custody, in response to interrogation by the police, the defendant made incriminating statements from which it may be concluded that he shot his wife with intent to commit murder. Under the exclusionary rule announced in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], which was decided after the trial of this case, the admission of these incriminating statements constituted prejudicial error requiring a reversal; they were made while he was in custody, after the police investigation had focused upon him, and during the process of an interrogation that lent itself to obtaining incriminating statements; and

the record is devoid of evidence that prior to such interrogation he was informed of his constitutionally guaranteed rights to counsel and to remain silent, or from which it may be concluded that his response to the interrogation constituted a waiver of such rights.

■ On the morning of the shooting, defendant's wife was at the home of Sharon Palmer. When the defendant first came to this home he was met at the door by Mrs. Palmer; asked to see his wife; was told that she did not want to talk to him; and left. About five minutes later defendant again returned asking to talk to his wife and again left; returned in another five minutes; talked to Mrs. Palmer on this third visit telling her that unless his wife came and talked to him he would make trouble for her, i.e., Mrs. Palmer, whereupon his wife came to the door and talked to him; and he then left. In about 15 minutes the defendant returned; was met by Mrs. Palmer at the front door; asked to see his wife; was told by Mrs. Palmer that it was up to his wife whether she wanted to talk to him; said he was going to make a lot of trouble for Mrs. Palmer, to which she replied he could not cause her any trouble; and then talked to his wife who came to the door. Mrs. Palmer left the room. Shortly thereafter, the defendant shot his wife. Upon hearing the shot, Mrs. Palmer came into the room; saw the defendant with a gun in his hand, which he pointed at her; heard another shot which went over her head; told the defendant to stop firing blanks, to which he replied that they were not blanks; then asked him to give her the gun, which he did. There is no evidence of any ill feeling at any time between the defendant and Mrs. Palmer. His declaration that he was going to make trouble for her obviously was used as a threat to permit him to talk to his wife. After these threats had been made his wife talked to him and the purpose for making any trouble had ceased to exist. Pointing the gun at Mrs. Palmer and shooting it above her head constituted an assault, but did not supply circumstances from which an intent to commit murder might be inferred. The evidence is insufficient to support the conviction of an assault with intent to commit murder.

■ The judgment of the trial court recited that the defendant was armed with a deadly weapon at the time he committed the subject offenses. The purpose of this recital was to subject him to the increased minimum sentences and penalties set forth in Penal Code sections 3024 and 12022.

The information did not allege that he was armed at the time of the commission of the offenses with which he was charged. A defendant may not be subjected to the additional penalties attendant upon his being armed at the time of the commission of an offense unless the information against him alleges such fact, and in the event it does not, a recital in the judgment to this effect will be stricken. (*People* v. *Ford,* 60 Cal.2d 772, 794 [36 Cal.Rptr. 620, 388 P.2d 892]; *People* v. *Fernandez,* 222 Cal.App.2d 760, 769-770 [35 Cal.Rptr. 370].) The Attorney General concedes that the judgment herein improperly included the recital that the defendant was armed at the time he committed the subject offenses.

The judgment is reversed as to both counts and the case is remanded for a new trial as to both counts.

Brown (Gerald), P. J., and Finley, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 2, 1965.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.