Ralph Roy WILLIAMS, Appellant,

v.

Kenneth WILLIAMS, District Attorney, and Cecil Hicks, Chief Deputy District Attorney for the County of Orange, State of California, Appellees.

No. 20491.

United States Court of Appeals
Ninth Circuit.

July 21, 1966.

Ralph Roy Williams, Tamal, Cal., in pro. per.

Ardian Kuyper, County Counsel, Robert F. Nuttman, Deputy County Counsel, Santa Ana, Cal., for appellee.

Before JERTBERG and ELY, Circuit Judges, and JAMESON, District Judge.

JERTBERG, Circuit Judge:

Appellant, a prisoner now incarcerated in the California State Prison at San Quentin, California, was granted leave to file a complaint *in forma pauperis* asserting a claim against appellees "Kenneth Williams, District Attorney, and Cecil Hicks, Chief Deputy District Attorney, for the County of Orange, State of California," seeking damages.

The complaint alleges jurisdiction of the District Court under 28 U.S.C. §§ 1331(a) and 1343(3) and (4); under 42 U.S.C. §§ 1981, 1983 and 1985; and under §§ 202, 203, 204(a), 207(a) and § 601 of the Civil Rights Act of 1964 (P.L. 88–352).

The District Court dismissed the complaint on the ground that: "It appears on the face of the complaint that plaintiff has not sued the State officers in the State courts for depriving him of rights which are also guaranteed by the California Constitution." In its order of dismissal the District Court stated:

"We interfere with State agencies only when no remedy is available under State law, or, if it exists, the remedy has been illegally denied in a particular case. There is no showing why the money damages he seeks in this Court cannot be sought and obtained through State courts."

It appears from the record that appellant, following a jury trial, was convicted on both counts of an information each charging the offense of assault with intent to commit murder. Appellant's conviction was reversed and the cause remanded to the Superior Court for a new trial. People v. Williams, 233 Cal.App. 2d 520, 43 Cal.Rptr. 704 (1965). While awaiting the new trial, appellant was incarcerated in the Orange County Jail in the same cell with three defendants whose charged offenses were unrelated in any way to appellant or to the charges on which appellant was awaiting trial. It further appears that appellant's cellmates moved the Superior Court for an

order that they be confined exclusively in the same cell. At the hearing held before the Superior Court on that motion, it was contended that appellant was confined in the same cell with the other three in order that appellant could serve as an informer against them. In the course of the hearing, at which appellant was not present, appellee, Cecil Hicks, was called as a witness on behalf of the County which was opposing the motion, and according to the complaint of appellant "and stated that plaintiff was 'a white-man-hater' and that he had 'heard it from the grape-vine.' Mr. Hicks made said statements while under oath, on the witness stand."

Appellant further alleges: "Such erroneous statements disquiets petitioner as he was expecting to choose a jury of the public in this immediate area, now prejudiced by public statements made by the *Chief Deputy District Attorney.* * * * subjects plaintiff to a situation of wanton deprivation of 'Due Process' and 'Equal Protection of the laws'."

In the complaint appellant seeks damages for "suffering great mental, psycological (sic) taxation, religious indignities and humiliations, * * * due to the damaging infractions of his rights guaranteed under the laws of the United States, * * * in the sum of" $303,-030.00; in the sum of $303,030.00 for "the deprivation of his rights, by defendants, as guaranteed him under the Constitution of the United States," and punitive damages because defendants acted with malicious intent, in the additional sum of $60,606.00, a sum total of $666,-666.00.

The complaint, as well as the record, is silent as to what, if anything, occurred on the "new trial" of appellant, or if a new trial was had. In essence the allegations of the complaint simply allege that appellant was slandered by a witness under oath, in a court hearing, on a motion which was unrelated to the appellant, from which alleged slander he suffered humiliation, fear, and mental anguish.

We are unable to see that he has been deprived of due process, equal protection of the laws, or any other federally protected right. If appellant has suffered damages for an actionable wrong in the nature of slander, his remedy, if any, must be pursued in the State courts of California.

The order appealed from is affirmed.