[Crim. No. 419. Fifth Dist. Mar. 21, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK DICK, Defendant and Appellant.

Archie G. Parker, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Frank O. Bell, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

GARGANO, J.—Defendant, after jury trial, was convicted of assault with a deadly weapon with intent to commit murder in violation of Penal Code, section 217. Defendant's

application for probation was denied and he was sentenced to state prison for the term prescribed by law. Defendant appeals from the judgment of conviction.

Defendant, a Caucasian, was in the "G N M Club" in the City of Sacramento on December 3, 1966, with a gun that he had purchased earlier during the day. Around midnight defendant stood near a table in the bar and looked at Cornell Lee Collins, a Negro, who was seated at a nearby table. Defendant then removed the gun from his belt, pointed it at Mr. Collins, and shot him in the stomach when he attempted to rise.

Immediately after the shooting, defendant left the bar pursued by William Memminger, a witness to the shooting. Defendant proceeded down J Street toward 5th Street where he took off his jacket and threw it away. When he discovered that he was being followed by Memminger, he wheeled around, pointed the gun at his pursuer and fired a shot.

Shortly afterwards defendant was seen struggling with another man at the corner of 5th and J Streets. Defendant then walked across J Street and met a friend. As the two men walked down the street together defendant's friend asked defendant if he wanted to sell the gun. Defendant replied, "No, I have to kill a son-of-a-bitch with it."

At his trial defendant admitted that he shot Mr. Collins with a gun that he had purchased earlier that day. He also admitted that he knew the gun was loaded. Defendant contended, however, that he did not know Collins and that he shot him accidentally. Accordingly, his sole contention for reversal is that there was insufficient evidence to sustain his conviction. Specifically, he asserts that an essential element of the crime for which he was convicted is the intent to commit murder and that the People failed to show that defendant was acquainted with Collins or that he had a motive for shooting him or to produce any other evidence from which the jury could infer this specific intent.

We conclude that there was ample evidence for the jury to find that defendant deliberately shot Collins in the stomach. Defendant knew that the gun was loaded; according to the expert testimony, it was not of the kind likely to be discharged accidentally. Moreover, Collins testified that shortly before the shooting he saw defendant standing in front of him with the weapon in his hand. He stated that defendant was staring at him when he heard a shot and felt a burning

sensation in his stomach. William Memminger testified that he saw defendant pointing the gun at Collins and heard defendant laugh after the shot was fired. Earl Hamel, the bartender, testified that a few minutes before midnight he heard a noise which sounded like a firecracker, and when he looked up he saw defendant pointing a gun at "a fellow sitting down."

We also conclude that the circumstantial evidence that defendant intended to kill Collins when he fired the shot is not only sufficient but compelling. Defendant shot Collins in the stomach, a highly vulnerable area, and then laughed at the incident. Moreover, defendant not only fled from the scene after the shooting, but he also tried to hide his jacket to prevent identification. Later when he discovered that he was being followed he fired a shot at his pursuer. Finally, when defendant rejected his friend's offer to purchase the gun he stated that he had to kill some "son-of-a-bitch" with the gun. This fact not only contradicts defendant's assertion that he brought the gun to the bar to sell it, but it also establishes his homicidal state of mind.

A specific intent to commit murder is a factual determination to be made by the jury (*People v. Hillery*, 62 Cal.2d 692 [44 Cal.Rptr. 30, 401 P.2d 382]). Furthermore, this intent is rarely susceptible to direct proof; it must be inferred from the facts and circumstances surrounding the act (*People v. Lyles*, 156 Cal.App.2d 482 [319 P.2d 745]). Thus, the nature of the assault, especially the weapon used and the nature, seriousness and location of the wound, as well as the consequences likely to follow, are among the circumstances that may support a finding that an assault was made with an intent to commit murder (*People v. Becerra*, 223 Cal.App.2d 448 [35 Cal.Rptr. 808]; *People v. Logan*, 244 Cal.App.2d 795 [53 Cal.Rptr. 549]).

The case of *People v. Williams*, 233 Cal.App.2d 520 [43 Cal.Rptr. 704], cited by defendant in support of his position, is distinguishable. In that case defendant, who had just killed his wife, fired a shot in the direction of his wife's friend when she entered the room. The court apparently found that the evidence was insufficient to prove that defendant intended to hit her and hence to kill her. In the instant case the defendant's gun was discharged either intentionally or accidentally. If it was discharged accidentally the defendant was not guilty of any criminal offense. And yet even defendant admits that he was at least guilty of an assault

with a deadly weapon or a battery. On the other hand, if the gun was discharged intentionally the facts and circumstances surrounding the shooting impel a conclusion that defendant intended to kill.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.