[Crim. No. 14026.   Second Dist., Div. Two.   Sept. 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. LORENZO TORRES LEOS, Defendant and Appellant.

Frank Duncan for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

NUTTER, J. pro tem.* — Appellant was charged with possession of marijuana, a violation of section 11530 of the Health and Safety Code. Six priors were alleged. Appellant personally and all counsel waived trial by jury. Appellant was found guilty as charged. The fifth and sixth prior convictions alleged were found to be true, and the other prior convictions were found not to be true. Appellant was sentenced to be imprisoned in the state prison for the term prescribed by law.

Appellant contends that the trial court erred in failing to grant his motion to suppress because the marijuana seized was obtained during an illegal search and seizure; the statement of defendant was induced by an arrest without probable cause.

On January 12, 1967, at approximately 1:40 a.m., Officer Lavold and Officer Vandervalle were driving in an unmarked police vehicle eastbound on Pico. Officer Lavold observed a person with dark clothing walking in a northwesterly direction across Kenmore Street, between Pico and 15th Street, which is the next street south. This person was the only person on the street at the time, and the area was a high frequency burglary area. Officer Lavold instructed Officer Vandervalle to drive around the block, and he did.

As they arrived at the corner of 15th and Kenmore, Officer Lavold observed a person walking across the lawns of the residences of the 1400 block South Kenmore on the left side of the street. At this time, the person disappeared between some houses. There was no walkway or doorway to those houses. Officer Lavold alighted from the police vehicle and walked on the sidewalk to the driveway, which is between 1325 and 1401 South Kenmore. As he looked down the driveway, he saw the same person walking in a northerly direction in the back yard. This person looked in Officer Lavold's direction and at that time Officer Lavold turned his flashlight on him and stated, ''Police officers. Stop.''

The person immediately broke and ran in a northerly direction. Officer Lavold pursued on foot. As he reached the back yard, Officer Lavold observed the person throwing down

*Assigned by the Chairman of the Judicial Council.

items on the ground. The first item was a pair of men's black leather gloves, and the second item thrown was a small, two-cell flashlight.

Officer Lavold then observed the person run around the corner of 1325 South Kenmore, and hide behind a camper which had been put on blocks. Officer Lavold ordered him to come out with his hands up. As the person came out from behind the camper, he put his hands up. Officer Lavold ordered him to turn around and face the camper, at which time Officer Lavold was joined by his partner, Officer Vandervalle. Officer Lavold began to pat the person down for a cursory search for weapons. Officer Lavold noticed a large bulge. As he grabbled this bulge, the appellant immediately said, "You got me. It's my weed." Officer Lavold then removed the article from appellant's pocket and observed it to be wax paper sandwich bags. Inside of the bags was a green leafy material resembling marijuana and a package of cigarette papers. Officer Lavold placed appellant under arrest for possession of marijuana, and walked him to the police vehicle. At this time he recovered the items that were thrown during the pursuit. In addition, a marijuana cigarette was removed from the appellant's shirt pocket.

Appellant argues that while the officers had the right to stop and question him, they did not have the right to. arrest and search him.

■ It has consistently been held that there is nothing unreasonable in an officer's questioning a person outdoors at night. A defendant's evasive and irregular tactics may give the police reasonable grounds to pursue and halt him for investigative purposes. (*People* v. *Ruhman,* 224 Cal.App.2d 284, 287 [36 Cal.Rptr. 493].) Further, if the circumstances warrant it, the officer may request the suspect to submit to a superficial search for weapons. (*People* v. *Mickelson,* 59 Cal. 2d 448, 454 [30 Cal.Rptr. 18, 380 P.3d 658] ; *Terry* v. *Ohio,* 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868] ; *Sibron* v. *New York,* 392 U.S. 40 [20 L.Ed.2d 917, 88 S.Ct. 1889].)

■ Here, the officer testified that the search was a cursory search for weapons. When he reached appellant's rear pants pocket, he noticed a large bulge. As the officer grabbed this bulge, the appellant immediately said, "You got me. It's my weed." The officer knew this meant marijuana. At that time he had probable cause to believe the appellant was committing a felony in his presence. Then the officer removed the article

from appellant's pocket and found it contained the green leafy material.

As pointed out in *Mickelson, supra,* if the investigation reveals probable cause to make an arrest, the officer may arrest and conduct a reasonable incidental search. This was the procedure followed here. It was not until the appellant said the bulge was "weed" that the officer actually reached into appellant's pocket and removed the contraband. Up until that time, only a cursory weapon search had been made.

Further, here, when the officer originally attempted to question appellant, appellant fled. This would be another factor constituting probable cause to arrest, as such conduct is not consistent with innocence. (See *People* v. *Dewson,* 150 Cal. App.2d 119, 130 [310 P.2d 162].)

The judgment is affirmed.

Roth, P. J., and Herndon, J. concurred.