132 Cal.App.3d 977 (1982)
183 Cal. Rptr. 584
In re RAFAEL V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant,
v.
RAFAEL V., Defendant and Respondent.
Docket No. 40621.
Court of Appeals of California, Second District, Division One.
June 21, 1982.
*979 COUNSEL
John K. Van de Kamp, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.
*980 Wilbur F. Littlefield, Public Defender, Paul A. James, Mark Lessem, James Abeltin and David P. Carleton, Deputy Public Defenders, for Defendant and Respondent.
OPINION
LILLIE, J.
The People appeal from a judgment dismissing a juvenile petition based on a pretrial order suppressing any in-court identification of the minor by the witness Callary, her in-the-field identification of the minor following his arrest, statements of the minor and physical evidence obtained after his detention and arrest for burglary. Only the issue of identification is material here.
The following evidence was received at the suppression hearing. Officer Crawford, assigned to patrol on April 8, received a radio call at 12:35 p.m. directing him to go to a residence where a burglary was in progress at 11713 Truro Avenue; a person who had fled westbound through the backyard of the residence was described as a male Mexican with short dark hair wearing a white T-shirt; another unit having arrived at the address, Officer Crawford proceeded to check in the area of 116th Street for a possible suspect, arriving three to five minutes after receiving the first radio call; the area was a block and one-half from the address, and he observed walking eastbound through a vacant lot, the minor who matched the description of the suspect given over the radio; no one else was in the area. Officer Crawford got out of the car and called to the minor; the minor apparently had not observed the police car and reached a point approximately 20 yards from him, and when Officer Crawford called, the minor looked in the officer's direction and immediately turned and ran in the opposite direction westbound toward Inglewood Avenue. Officer Crawford put out a broadcast as to what had occurred and immediately drove around on Inglewood Avenue to the last place he had seen the minor; there he was met by other units. Officer McCarrol and his dog, and Officer Crawford located the minor at the rear of a residence on Inglewood Avenue where the minor was in the process of climbing over a block wall.
*981 The officers apprehended and handcuffed the minor and placed him in the back of Officer Crawford's patrol car; Officer Crawford immediately drove back to the location of the burglary (three blocks away) arriving in less than five minutes; he returned to see if there was someone there to handle the burglary report; Officer Crawford remained at the Truro address a couple of minutes during which the minor was in the back of the police car; while away from the patrol car Officer Crawford was informed by radio that an identification of the minor had been made there by Elaine Callary, but he did not see the witness himself, no one having been brought over to the police car while he was present. Having been advised that Officer Monteverde would take the burglary report and that the minor had been identified, Officer Crawford took the minor to the station for booking.
The minor testified that he had been running for a minute prior to his arrest. He was at the scene of the arrest 10 to 15 minutes before being taken to the burglarized house then he was kept there about 15 minutes or under; he only estimated the time. On cross-examination he said he was at the scene of the arrest a little longer than five minutes, and at the Truro residence a little longer than that.
(1) The facts adduced from the testimony of Officer Crawford were undisputed; the brief testimony of the minor related solely to the time he was held. On those undisputed facts, the court ruled as a matter of law, based on People v. Harris (1975) 15 Cal.3d 384 [124 Cal. Rptr. 536, 540 P.2d 632], that there was not probable cause to arrest the minor. On this state of the record the substantial evidence rule does not apply (People v. Manning (1973) 33 Cal. App.3d 586, 603 [109 Cal. Rptr. 531]), and we are not bound by the conclusions of the trial court but are required to exercise our independent judgment. (People v. Superior Court (Henry) (1974) 41 Cal. App.3d 636, 639 [116 Cal. Rptr. 24].)

I

THERE WAS PROBABLE CAUSE TO ARREST THE MINOR
First, appellant has correctly asserted, and the minor has conceded as he did in the superior court, that Officer Crawford acted properly when he stopped his patrol car and called out to the minor. (2) The recited facts furnished the officer adequate grounds to effect a temporary detention *982 for questioning or other limited investigation under the criteria of In re Tony C. (1978) 21 Cal.3d 888, 893 [148 Cal. Rptr. 366, 582 P.2d 957].
Second, there was probable cause to arrest the minor. (3) "Reasonable cause has been generally defined to be such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (People v. Ingle (1960) 53 Cal.2d 407, 412 [2 Cal. Rptr. 14, 348 P.2d 577]; People v. Terry (1970) 2 Cal.3d 362, 393 [85 Cal. Rptr. 409, 466 P.2d 961].) No exact formula exists for determining reasonable cause and each case must be determined on the facts and circumstances presented to the officer at the time he is required to act. (Guidi v. Superior Court (1973) 10 Cal.3d 1, 9 [109 Cal. Rptr. 684, 513 P.2d 908]; People v. Block (1971) 6 Cal.3d 239, 244 [103 Cal. Rptr. 281, 499 P.2d 961].)
(4a) The record establishes that Officer Crawford was advised by radio that a burglary was in progress at a specified residence and a person described as a male Mexican with short dark hair and wearing a white T-shirt had fled westbound through the backyard; within three to five minutes after receiving the radio call, and roughly a block and one-half from the burglarized residence, he saw the minor who matched the description of the burglary suspect walking in his direction eastbound through a vacant lot which was a continuation of 116th Street; no one else was in the area; it did not appear that the minor had observed the police car "right at first"; Officer Crawford stopped and exited the patrol car and called to the minor who was about twenty yards away; the minor looked in his direction and immediately turned and fled westbound toward Inglewood Avenue; Officer Crawford immediately drove around on Inglewood, and he and another officer located the minor at the rear of a residence in the process of climbing over a block wall.
(5) Flight affords a basis for inference of guilt whether considered on the issue of guilt or innocence (People v. Cannady (1972) 8 Cal.3d 379, 391 [105 Cal. Rptr. 129, 503 P.2d 585]; People v. Perry (1972) 7 Cal.3d 756, 771 [103 Cal. Rptr. 161, 499 P.2d 129]) or as a fact in the ultimate determination of probable cause for an arrest, as such conduct is not consistent with innocence. (People v. Leos (1968) 265 Cal. App.2d 822, 825 [71 Cal. Rptr. 614].) (4b) Here the minor knew the officer wanted to talk to him but he bolted and disappeared from the officer's *983 view; the minor was still trying to elude the officers by scaling a block wall at the rear of another residence. While flight may not in and of itself constitute probable cause for arrest, flight can constitute evidence of consciousness of guilt which can be coupled with other relevant facts in determining probable cause. (People v. Superior Court (Burton) (1969) 274 Cal. App.2d 7, 11 [78 Cal. Rptr. 757].) Officer Crawford knew that a burglary of a residence had occurred and the suspect had fled through the backyard; within three to five minutes of the radio call and within a block and one-half of the burglarized premises he observed the minor who fit the description of the suspect walking through a vacant lot. He was entitled to draw an inference of consciousness of guilt from the minor's flight especially when, upon subsequently finding him, the minor again sought to elude him by climbing over the block wall. (See Sibron v. New York (1968) 392 U.S. 40, 66-67 [20 L.Ed.2d 917, 937, 88 S.Ct. 1889]; Flores v. Superior Court (1971) 17 Cal. App.3d 219, 221-222 [94 Cal. Rptr. 496]; People v. Hill (1967) 67 Cal.2d 105, 120 [60 Cal. Rptr. 234, 429 P.2d 586]; People v. Mulqueen (1970) 9 Cal. App.3d 532, 543 [88 Cal. Rptr. 235].) While any one of the foregoing factors may not have been sufficient by itself for probable cause to arrest the minor, the totality of the circumstances is such as to lead the officer to reasonably entertain an "honest and strong suspicion" that the minor committed the burglary.

II

THE MINOR WAS PROPERLY TRANSPORTED TO THE BURGLARY SCENE
(6) The record shows that when the minor was apprehended he was handcuffed and placed in the back of the police car; Officer Crawford immediately drove back to the location of the burglary, approximately three blocks away, arriving there in less than five minutes; his purpose in returning to the scene was to see that there was someone there to handle the burglary report; he remained there a couple of minutes talking to the officers; during this time and without his knowledge the minor, who was still seated in the rear of the police car, had been identified by a witness (Callary) who had been brought to the patrol car; Officer Crawford first learned that identification had been made over the radio; upon being advised that Officer Monteverde would take the burglary report and that the minor had been identified, Officer Crawford immediately took the minor to the station for booking.
*984 The trial court in granting the motion to suppress relied on People v. Harris, 15 Cal.3d 384, as does the minor here. People v. Harris controls only if it is assumed that there was no probable cause to arrest the minor. The California Supreme Court in Harris found the initial detention of the defendant to be proper but that there was no probable cause to arrest him, thus his transportation to the scene for possible identification by the victim was unlawful. Said the court at page 391: "Ordinarily there exist less instrusive and more reasonable alternatives to pre-arrest transportation." People v. Harris relates to prearrest transportation and is not dispositive where as here the circumstances clearly establish probable cause to arrest. In any case the factual situation in Harris is dissimilar to that in the instant case. In Harris the officer detained the defendant whose appearance was generally similar to the description of the suspect, after observing him forty-five minutes after the crime in a residential area within three blocks of the burglarized residence; here, the officer observed the minor within three to five minutes after he received the call while on patrol and within a block and one-half of the burglarized residence and the minor matched the description given of the suspect, and there was the additional factor of flight.
In brief, the court in People v. Harris, 15 Cal.3d 384, held that the transportation of the defendant to the scene for an in-the-field identification in the absence of consent, other unusual circumstances or probable cause to arrest is an impermissible intrusion. Harris recognizes that if there is probable cause to arrest, transportation to the scene for identification purposes is lawful. However, there seems to be no contention here that if the arrest was a lawful one the minor was not properly transported to the burglary scene. It appears that Officer Crawford stopped at the burglarized residence to determine if there was someone there to make a report and stayed but a few minutes; it was during those few minutes unknown to him that the witness identified the minor. There is no constitutional ban upon an at-the-scene identification. (People v. Richardson (1972) 23 Cal. App.3d 403, 407 [100 Cal. Rptr. 251]; People v. Smith (1970) 13 Cal. App.3d 897, 909 [91 Cal. Rptr. 786, 52 A.L.R.3d 875].) One of the justifications for an on-the-site confrontation is the need to exclude from consideration innocent persons so that the police may continue the search for the suspect while it is reasonably likely he is still in the area. (People v. Nash (1982) 129 Cal. App.3d 513, 517 [181 Cal. Rptr. 145].) This is especially true where the burglary occurred only a short time before. There can be no time factor here even if the minor's testimony is taken at face value.
*985 Although the issue of the propriety of the on-the-scene identification is raised by appellant, the minor here correctly points out that there is before the court no issue relative to the suggestiveness of the in-the-field identification. (See People v. Vanbuskirk (1976) 61 Cal. App.3d 395, 401-402 [132 Cal. Rptr. 30].) The minor's motion to suppress was based on an unreasonable search and seizure; at that time he asserted suggestiveness of identification to be an issue but the trial court correctly pointed out that his theory was not appropriate on the hearing.
Finally, we do not reach the last issue raised by appellant that even assuming there was no probable cause to arrest the minor such invalidity would not necessarily taint and render inadmissible the subsequent testimony of the witness who identified the minor as the burglar; and appellant's question, how at this point can it be determined factually that the witness' yet undelivered testimony will be the product of her observation of the minor in the rear of the patrol car instead of her personal observation of him at the time of the burglary.[1]
The judgment is reversed.
Spencer, P.J., and Dalsimer, J., concurred.
NOTES
[1] The recent decision of People v. Teresinski (1982) 30 Cal.3d 822 [180 Cal. Rptr. 617, 640 P.2d 753], appears to dispose of such an issue. The court therein stated "the purpose of the exclusionary rule is adequately served by suppressing the physical evidence seized by the officer as a result of the illegal detention ... [and] would not be significantly furthered by additionally suppressing the testimony of a witness who was not discovered as a result of unlawful police conduct, and whose testimony rests upon his independent memory of the [crime]." (P. 839.)