[Crim. No. 1659. Third Appellate District.—March 18, 1939.]

THE PEOPLE, Respondent, v. MARIAN MEYERS et al., Appellants.

Marian Meyers and Harold Laccombe, *in pro. per.*, for Appellants.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—This is an appeal taken by the defendants from a judgment of conviction of robbery in the first degree, and from the order denying a new trial.

The complaining witness, H. Braun, was the proprietor of a liquor store in Sacramento. About 10:30 o'clock on the night of June 30, 1938, it is charged that defendant Laccombe entered the store with a gun in his hand and pointed it at the complaining witness, compelled him, and later a customer who came into the store, to raise their hands, and while in that position, defendant Meyers entered and took the money from the cash register and also from the person of the complaining witness, amounting in all to approximately $200, and then escaped. Some time thereafter, both Laccombe and Meyers were apprehended in Denver, Colorado, and returned to Sacramento, where they signed a joint statement admitting the foregoing facts.

In the information filed against these men it is therein charged: " . . . did then and there wilfully and unlawfully and feloniously and forcibly take from the possession and immediate presence of H. Braun, the sum of approximately $210.00 . . . , which said taking was then and there without the consent and against the will of said Braun, and was then and there accomplished by means of force used upon and against the said H. Braun, and by then and there putting the said H. Braun in fear, . . . "

Upon this appeal it is urged by appellants that this information is insufficient in that it does not contain the specific charge that either of these defendants were armed with a deadly weapon. They contend that this is a violation

of section 969c of the Penal Code, which provides that "Whenever a defendant is armed with a firearm . . . , under such circumstances as to bring said defendant within the operation of subdivision 2 of section 1168 of the Penal Code . . . , the fact that the defendant was so armed shall be charged in the . . . information. . . . This charge shall be added to and be a part of the count of the . . . information . . . which charge the offense. . . . " Upon this omission these appellants contend they were found guilty of a crime, i. e., robbery of the first degree, which was not charged in the information. In this they are in error.

Robbery is defined by section 211 of the Penal Code as a felonious taking of personal property in the possession of another from his person or immediate presence and against his will accomplished by means of force or fear. A robbery perpetrated by a person armed with a deadly weapon, is robbery in the first degree. The punishment for robbery is fixed at not less than five years for robbery in the first degree, and not less than one year for robbery in the second degree.

Section 969c of the Penal Code has to do with the fixing of minimum sentences, and provides for an additional charge which shall be included in an indictment or information, whereby the penalties against the defendant shall be increased by such penalties as are provided in subdivision 2 of section 1168 of the Penal Code. The provisions of this section are cumulative in effect and do not nor were they intended to repeal or amend other code sections where, as here, the punishment is already provided for and accomplishes a like result. A reading of the whole section 969c of the Penal Code makes this plain. "The indeterminate sentence under section 1168 of the Penal Code is in legal effect a sentence for the maximum term." (*In re Lee,* 177 Cal. 690 [171 Pac. 958].)

The jury within their province and upon ample evidence in the record found that the defendants were, at the time, armed with a deadly weapon, and fixed the crime of robbery as of the first degree.

Appellants make a further point that the evidence as to the identity of defendant Laccombe was insufficient to convict him. That is a matter, however, which was properly presented to the jury, and upon that point they found against the contentions of appellant Laccombe. As to the evidence against Meyers, the record discloses that he not only, in his

own statement, connected himself with the commitment of the offense, but is amply supported by other evidence in the record. Furthermore, he was arrested in Denver in the company of Laccombe, and had in his possession the gun which Meyers admitted was the one used in the robbery, and which was identified by an eyewitness as one very similar in appearance to that used by Laccombe during the robbery.

Some objection was also made to the admission of the written confession given by appellants to the police officers of Sacramento. The record is clear that this confession was freely and voluntarily made without any promise of immunity, hope of reward, and without the use of force or fear. This confession was later denied by Laccombe, and denied by Meyers that it was made voluntarily, but these denials merely raised a conflict in the evidence, which the jury decided against them.

The record discloses that these appellants were fairly tried and justly convicted, and no error of law appearing, the judgment and order must be affirmed. It is so ordered.

Tuttle, J., and Thompson, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1939.