[Crim. No. 2635. First Dist., Div. Two. Feb. 9, 1950.]

THE PEOPLE, Respondent, v. KEITH VERDIER, Appellant.

Wesley E. Overson and Peter B. Zavlaris for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General, N. J. Menard, District Attorney, and Allan P. Lindsay, Assistant District Attorney, for Respondent.

DOOLING, J.—Appellant was charged jointly with one F. W. with the crime of robbery. He pleaded guilty and asked for probation. Probation was denied, the court fixed the degree at first degree robbery and sentenced appellant for the term prescribed by law.

The appellant presents a reporter's transcript of the proceedings at which the degree was determined by the court from which it appears that no evidence was taken on the subject. Instead the court referred to the testimony of a complaining witness taken on the trial of the codefendant who was acquitted of the charge by a jury, and concluded from his recollection of that testimony that the crime was robbery of the first degree.

Under Penal Code, section 1192, after a plea of guilty of a crime divided into degrees "the court must, before passing sentence, determine the degree." While a hearing to determine the degree of an offense held under this section is not a trial in its full technical sense and the court may consider matters not admissible on the issue of guilt or innocence (*People* v. *Williams,* 14 Cal.2d 532 [95 P.2d 456] ; *In re Steve,* 73 Cal.App.2d 697 [167 P.2d 243]), the burden of the decisions is that the court should take evidence in the presence of the defendant to determine the degree of the crime (*People* v. *Mendez,* 27 Cal.2d 20 [161 P.2d 929] ; *People* v. *Bellon,* 180 Cal. 706 [182 P. 420] ; *People* v. *Chew Lan Ong,* 141 Cal. 550 [75 P. 186, 99 Am.St.Rep. 88] ; *People* v. *Stratton,* 133 Cal.App. 309 [24 P.2d 174] ; *People* v. *O'Brien,* 122 Cal.App. 147 [9 P.2d 902] ; *People* v. *Paraskevopolis,* 42 Cal.App. 325 [183 P. 585]).

In *People* v. *Chew Lan Ong, supra,* the claim was made that section 1192, Penal Code "is unconstitutional because it does

not provide any manner, or mode, whereby the court is to reach its determination of the degree of the crime.''

The court said (141 Cal. at pp. 552-553):

''Jurisdiction to determine the matter is, however, expressly conferred on the court by the section. This means that there shall be a judicial determination, and where power is especially conferred upon a court of general jurisdiction to determine a particular question, and no special mode for that determination is pointed out, the jurisdiction conferred necessarily implies authority in such court to call to its assistance in determining the particular question, the same aid as is usually employed by it in reaching a judicial determination in other cases.

''The universal aid is evidence. This was the means employed by the lower court in determining the degree of crime in the case at bar. It is the only means by which a judicial determination can be had, and was the means which it was contemplated by the legislature should be invoked by the court.''

In *People* v. *Bellon, supra,* we read at 180 Cal. 707: ''The appropriate and proper method for a court to pursue in such a case is to receive such competent evidence from the respective parties as is material to the question of degree, and, the evidence having been concluded, to pronounce its determination thereon.''

Again in *People* v. *Paraskevopolis, supra,* the proper procedure is outlined (42 Cal.App. at p. 330):

''So, where there is a plea of guilty in such a case, there must first be some foundation for the exercise by the court of its judgment as to the punishment which should be inflicted, the penalty for the two degrees of murder or of burglary (also divided into degrees) being different. The only legal way such foundation can be laid is, as section 1192 plainly and peremptorily points out, for the court to ascertain and determine the degree, and this can be done properly only by taking evidence addressed to that fact; and if in any case of a plea of guilty to a crime divided into degrees that has not been done—that is, that such determination has not been made in an appropriate and legal way—then the judgment of sentence has not been legally pronounced.''

In *People* v. *O'Brien, supra,* the defendant was remanded to the trial court with directions to determine the degree after taking evidence on that subject. In determining the degree in that case the trial court had acted solely on the report of

the probation officer. The court reviewed the authorities (122 Cal.App. pp. 154-157) and concluded that the defendant had not been accorded the hearing to which he was entitled, saying at page 155:

"Notwithstanding the fact that it has been decided that the hearing which may be conducted by the trial court for the purpose of determining the degree of the offense 'is not a trial', nevertheless the only means by or through which the court is authorized to reach a conclusion in the matter is by the aid of evidence."

Finally in *People* v. *Mendez, supra,* the court said tersely, citing earlier cases (27 Cal.2d pp. 23-24): "It [the degree of the crime] is a matter . . . which must be determined by the court on competent evidence before passing sentence under a plea of 'guilty.' "

█    The attorney general asks us to presume that evidence was taken citing *People* v. *Rhodes,* 137 Cal.App. 385 [30 P.2d 1026]. Under rule 52, Rules on Appeal, we must presume that the record is complete on the point and we can no longer presume that something not shown by the record occurred in the trial court to cure an error apparent on the face of the record. (*People* v. *Hidalgo,* 78 Cal.App.2d 926, 941 [179 P.2d 102].)

█    Entirely apart from that rule, however, respondent's argument makes it clear that no testimony was in fact taken and no proper hearing held for the purpose of fixing the degree of the crime, as the following statement in respondent's brief makes clear: "While it does not appear testimony was taken prior to rendition of judgment at the arraignment to establish the degree of robbery, yet it appears from the reporter's transcript the degree of the offense was founded on ample evidence."

This "evidence" is then definitely identified by respondent as follows: "The evidence, the basis of the finding of the degree of the offense, was the testimony of Mrs. Marshall *in the trial of . . . the accomplice of appellant Verdier."* (Emphasis added.)

Thus in the instant case there would appear to be no room for any presumption such as there was in the Rhodes case, even in the absence of the present rule 52.

The trial of appellant's accomplice was a separate proceeding, to which appellant was not a party, and *in which the accomplice was found not guilty.*

Mrs. Marshall was one of the victims of the holdup and her

testimony in that trial is brought before this court not as part of the settled record on appeal but interjected into the argument as an appendix to respondent's brief.

It is clear that testimony taken in that separate proceeding, to which appellant was not a party and in which he had no right or opportunity of cross-examination or of offering evidence in his own behalf, was not evidence in his own case for the purpose of determining, after his plea of guilty, the degree of *his* offense.

■ With respect to appellant's other point based on *People* v. *Lesterjette,* 40 Cal.App.2d 327 [104 P.2d 844] that under section 969c, Penal Code, the fact that defendant was armed with a deadly weapon must be charged in the information if that fact is to be relied on in fixing the degree it is sufficient to point out that section 969c makes no reference to section 211a, Penal Code. The latter section provides: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree . . .," but it is not necessary to allege such facts as long as the information or indictment charges the crime. (*People* v. *Meyers,* 31 Cal.App.2d 515 [88 P.2d 212].) The degree of a crime is not required to be included in the charge. (*People* v. *Mendez, supra,* 27 Cal.2d 20, 23.)

The order fixing the degree of the crime is reversed with directions to the court below to determine the degree of the crime upon evidence taken for that purpose and thereafter to pronounce judgment on defendant accordingly.

Nourse, P. J., and Goodell, J., concurred.