Cal.Rptr. 277]

[Crim. No. 3149.   Third Dist.   Oct. 2, 1961.]

THE PEOPLE, Respondent, v. WALTER ARNOLD
HEIM, Appellant.

(1)

Richard G. Hendrix, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and John Foran, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant Walter Heim appeals from a judgment of conviction finding him guilty of burglary in the second degree on the grounds (1) that the uncertainty as to the violation charged in the information resulted in a denial of due process of law; (2) that certain evidence was obtained in violation of his constitutional guarantee against unreasonable search and seizure, and hence was inadmissible; and (3) that the evidence was insufficient to support the judgment.

At approximately 11:35 p.m. on the evening of the alleged crime a merchant patrolman, one Hugh Clifton, while on patrol, heard the sound of glass breaking in the vicinity of the Vecino pharmacy in the city of Chico. Returning to the

area, Clifton observed two persons, both of whom were rapidly walking away from the pharmacy. He immediately reported to the sheriff's office, describing one person as being tall, slight, dark haired, and wearing a grey suit; the other as being shorter, huskier, grey haired, and wearing a grey jacket. He reported that the taller of the two men entered the driver's side of a grey Buick sedan, which he believed to be a 1952 model; that the shorter of the two walked around the back of the car, and as he did so, bent the license plate before getting into the passenger side. Clifton continued his investigation and found the door of the pharmacy ajar, the window broken, and evidence that the door had been pried open. The sheriff's office in turn broadcast the information reported by Clifton, giving a description of the car and the bent license plate, but failed to give the license number or a description of the suspects. Officer Porter of the Chico Police Department, after receiving this report, stopped defendant and his codefendant, Thomas, but after a short interrogation released them, believing that he was looking for younger men. In response to Porter's questions they stated they were merely passing through Chico on their way from Redding to San Francisco. Porter then communicated with the sheriff's office, giving additional information, including the license number of the car he had stopped. This additional information was broadcast and shortly thereafter, the suspects were again apprehended.

When questioned the second time, defendants stated they left Sacramento that day and had gone to Red Bluff where Heim had inquired about work as a cobbler. They further stated they had arrived in Red Bluff at approximately 6:30 p.m. and left between 9:30 and 10. They were unable to give the name of the store where appellant had asked for employment, and when reminded that the stores would have been closed in the evening, they replied they were confused as to the exact time. When asked why they had not taken the main highway to Chico rather than a secondary road, their reply was that they were confused and had lost their way. They also stated that the only time they stopped in Chico was when they were questioned by the police. During their interrogation, the merchant patrolman arrived, identified the car, and although not positive about the identification of the defendants, stated they were dressed the same as the two men he had seen leaving the vicinity of the pharmacy. The

defendants were then arrested and a search was made of their automobile.

A screwdriver was found as a result of the search and when later compared with the marks on the door of the pharmacy, it was identified by an expert from the State Bureau of Criminal Identification as being the instrument which had made such marks. Photographs of freshly made footprints in mud near the scene of the crime, when compared with those of Heim's codefendant, Thomas, appeared to be the same. In addition, a comparison made of the soil taken from the shoes of both Heim and Thomas corresponded with soil taken from the scene of the crime.

Both defendants testified in their own behalf. They stated that in passing through Chico they had stopped at a liquor store near Vecino's drug store and had purchased a bottle of liquor; that they had gone into a gun store; and that they had purchased a screwdriver for the purpose of repairing the generator on the car. However, they denied having committed the burglary. Additionally, the shoes which had been used to compare with the footprints taken at the Vecino pharmacy were identified by Thomas as being his. Heim, while admitting that he got out of the car when the screwdriver was purchased, denied that he got out of the car with Thomas when the liquor was purchased and further denied that they had stopped in Chico on the way back from Red Bluff, although he did identify his jacket and his shoes.

It is apparent from the evidence as summarized that the contention that the evidence was insufficient to support appellant's conviction is wholly without merit.

Appellant's next contention, that it is not clear from the information or the amended information whether he was being tried for burglary or attempted burglary, is likewise without merit. In the amended information the portions pertinent to the crime charged were in the following language: "The said WALTER ARNOLD HEIM did on or about the 29th day of December, 1959, at Butte County and State of California, and before the filing of this information, wrongfully, willfully, and unlawfully, and feloniously on or about the 29th day of December, 1959, in the night time, in the County of Butte, State of California, attempt to enter a building, to wit: Vecino Pharmacy, with intent to commit theft; . . ." It further should be noted that the original complaint, as well as the original information, specifically referred to attempted burglary.

The language used in the amended information was amply sufficient to put appellant on notice of the charge made against him and fully complied with the provisions of sections 951 and 952 of the Penal Code. (See *People* v. *Docherty,* 178 Cal.App.2d 33 [2 Cal.Rptr. 722].) Furthermore, had there been such uncertainty or ambiguity in the information as he now contends, it was incumbent upon him to raise the question by demurrer and the failure so to do constituted a waiver of such objection. (Pen. Code, §§ 1003, 1004; *People* v. *Pounds,* 168 Cal.App.2d 756 [336 P.2d 219].)

Appellant's final contention is equally without merit. ██ The determination of the admissibility of evidence, when the question of reasonableness or legality of an arrest and search or seizure arises, depends on whether such facts existed that would lead an ordinarily prudent man to have reason to believe or entertain an honest and strong suspicion that the person is guilty. (*People* v. *Soto,* 144 Cal.App.2d 294 [301 P.2d 45].) ██ At the time the officers stopped defendants the second time they had a complete description of the two persons seen leaving the pharmacy. They also had a complete description of the automobile and in particular, the license plate which was bent as though it had been creased in the manner described by the merchant patrolman. Additionally, there were the conflicting statements made by the defendants. These facts were amply sufficient to justify a reasonable belief that appellant and his codefendant were the two persons seen leaving the vicinity of the pharmacy. Under these circumstances the arrest and search and seizure were lawful.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.