[Crim. No. 1841. Fourth Dist. Feb. 5, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DONNEY SHEPARD, JR., Defendant and Appellant.

Carstens, Todd, Robinson & Fry and William L. Todd, Jr., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Plaintiff and Respondent.

MONROE, J. pro tem.[*]—The defendant and appellant, Donney Shepard, Jr., appealed from a judgment upon the verdict of a jury finding him guilty of the crime of possessing marijuana. Probation was granted upon conditions, and this appeal was taken.

Appellant's arrest grew out of an occurrence on November 26, 1961. Apparently a woman by the name of Helen Moore was driving an automobile owned by appellant, while appellant was driving her automobile. A police officer stopped Miss Moore on account of bright headlights and during the conversation she admitted that she was on probation for a narcotics violation. The officer thereupon asked permission to look through the car, which was granted. On opening the glove compartment the officer found a sack containing marijuana. At about that time the appellant, who had returned to look for Miss Moore when she did not arrive at the agreed destination, approached the officer and Miss Moore and inquired as to what was taking place. He told the officer that the automobile driven by Miss Moore was his property, whereupon the officer placed him under arrest.

He was taken to jail and his clothing was thoroughly

---

[*]Assigned by Chairman of Judicial Council.

searched. Appellant is a sailor and was at the time stationed at Miramar Air Station in San Diego County. The police officers went to Miramar, obtained the permission of the authorities in charge and made a search of two lockers in which appellant stored his clothes. Marijuana was found in the lockers and in the pockets of some of the clothes. It was introduced in evidence over the objection of appellant. His conviction followed.

Appellant urges as grounds for reversal two main contentions. First, that the evidence of marijuana was obtained by an unlawful search of his lockers at Miramar and that the court erred in admitting the marijuana in evidence; and, second, that the prosecuting attorney was guilty of misconduct in giving to the court two citations in the absence of appellant and his counsel.

Counsel have presented lengthy arguments relative to the right of an enlisted man to be protected against unlawful searches and seizures upon government property. An examination of the authorities is convincing that the rules relative to the inadmissibility of evidence unlawfully obtained are all based upon the proposition that the search in question must be reasonable. In *People* v. *Dillard,* 168 Cal.App. 2d 158, 164 [335 P.2d 702], it is said, ''It is not every search and seizure that is prohibited by the Constitution. It is *unreasonable* searches and seizures that are denounced.''

In *United States* v. *Rabinowitz,* 339 U.S. 56 [70 S.Ct. 430, 432, 94 L.Ed. 653], it is stated, ''It is unreasonable searches that are prohibited by the Fourth Amendment. [Citations.] It was recognized by the framers of the Constitution that there were reasonable searches for which no warrant was required. The right of the 'people to be secure in their persons' was certainly of as much concern to the framers of the Constitution as the property of the person.''

This rule is recognized in *Mapp* v. *Ohio,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081], relied upon by the appellant.

 In order to justify a search and seizure there must exist reasonable grounds to justify the officer in making such search. (*People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513].) It was stated in *People* v. *Heim,* 196 Cal. App.2d 1, 5 [16 Cal.Rptr. 277]:

''. . . The determination of the admissibility of evidence, when the question of reasonableness or legality of an arrest and search or seizure arises, depends on whether such facts

existed that would lead an ordinarily prudent man to have reason to believe or entertain an honest and strong suspicion that the person is guilty.''

Turning then to the facts actually involved in this case, it is to be noted that the appellant had admitted he was the owner of the car in which marijuana had been discovered. It is true that he denied knowledge of the presence of marijuana, or of how it came to be in the glove compartment of his car. However, Miss Moore also denied that she knew anything about the matter. She denied that she had put the marijuana in the car. Certainly it cannot be successfully contended that because an accused person denies his guilt, further procedure by the officers is unlawful. In this situation the officers concluded that it was advisable to search the belongings of the appellant, if possible, to ascertain whether there was further evidence that he used or possessed marijuana. Of course, the officers had no right to make a search upon a military reservation without permission. It appears from the evidence that Major Harrol Kiser, U.S. Marine Corps, had the authority delegated to him by the Commandant of the Miramar Air Station to grant permission to make the search. Upon being informed that the appellant had been arrested and charged with having marijuana in his possession, Major Kiser granted the authority to make a search of the lockers and instructed a security officer to conduct a search with the police officers. The resulting search revealed the marijuana, which was introduced in evidence.

Appellant contends that by reason of the regulations in the Manual of Courts Martial an unlawful search is prohibited and evidence obtained thereby must be excluded. That manual provides, among other things, ''The following searches are among those which are lawful: . . .

''A search under circumstances demanding immediate action to prevent the removal or disposal of property believed on reasonable grounds to be criminal goods.''

It further provides, ''A search of property . . . which is located within a military installation . . . and is owned, used, or occupied by persons subject to military law, . . . which search has been authorized by a commanding officer (including an officer in charge) having jurisdiction over the place where the property is situated. . . .''

Major Kiser testified that he granted the permission to search the lockers because he felt immediate action was neces-

sary to prevent the removal or disposal of property believed on reasonable grounds to be criminal goods. He explained that even though appellant was then in jail, unless he was held incommunicado, "any one of 6,000 men" might remove any narcotics or marijuana for him. Obviously, should he be granted bail, there would be a probability that he would remove any such material himself.

The evidence indicates that Major Kiser had the authority to grant permission for the search, and nothing was shown to the contrary. It has been held that where a search is made pursuant to consent obtained from a person believed by the officers to have authority to grant such consent, such search will be held to be reasonable even though the officers may be mistaken as to the extent of the authority of such person. (*People* v. *Gorg*, 45 Cal.2d 776 [291 P.2d 409]; *People* v. *Caritativo*, 46 Cal.2d 68 [292 P.2d 513]; *People* v. *Kelly*, 195 Cal.App.2d 669 [16 Cal.Rptr. 177].)

 It is our conclusion, therefore, that the trial court was justified in holding that in view of all of the circumstances the search was not unlawful but was made upon reasonable grounds. The presence of marijuana in the lockers was material as supporting the People's contention that the marijuana in the automobile was there with the knowledge of appellant. It is evident that Major Kiser had authority to give consent to such search and that he had reasonable grounds for giving such consent. The admissibility of the evidence gained as a result of such search is in accordance with the law frequently stated in California. (*People* v. *Boyles*, 45 Cal.2d 652, 654 [290 P.2d 535]; *People* v. *Rucker*, 197 Cal.App.2d 18, 22 [17 Cal.Rptr. 98]; *People* v. *Dillard*, *supra*; *People* v. *Martin*, 45 Cal.2d 755, 762 [290 P.2d 855]; *People* v. *Moore*, 140 Cal.App.2d 870, 873 [295 P.2d 969]; *People* v. *Bodkin*, 196 Cal.App.2d 412, 425 [16 Cal.Rptr. 506]; *People* v *Graff*, 144 Cal.App.2d 199, 203 [300 P.2d 837]; *People* v. *Bock Leung Chew*, 142 Cal.App.2d 400, 402 [298 P.2d 118].)

 Appellant complains bitterly because the prosecuting attorney, in the absence of defendant and his counsel, gave to the trial judge two citations from the Court Martial Reports. During the argument relative to the admissibility of the evidence the prosecuting attorney made the following statement:

"Counsel has begun and devoted a large portion of his statements to military law. I, too, would quote two cases in

this matter, two of which I have cited to the Court, *U.S. vs. Doyle,* at 4 Court Martial Reports 137, which counsel has quoted, and one which he has not seen fit to quote, and which is the most important case of all, *U.S. vs. Weaver* at 25 C.M.R. 275, a 1958 case. Those cases hold that the commanding officer of the military station can certainly delegate authority to search the defendant's property, and also indicate that the grounds in this case would certainly be sufficient under military law.''

Counsel for the respondent concedes that an attorney should not communicate any citation to the trial judge except in the presence of counsel for the defendant. At the trial, when the point was raised, counsel admitted that he was mistaken in so doing and apologized therefor.

No authority is cited for the proposition that such an occurrence furnishes any grounds for reversal, however. It is evident that as to one of the citations, counsel for defendant had already cited it to the court. When during the course of the argument it was stated in open court that the two citations had been theretofore called to the court's attention, counsel for the defendant had ample time to inspect the other citation if he desired to do so and if he had not already seen it. Certainly, under the provisions of article VI, section 4½ of the Constitution of California there is involved no such prejudice as would justify disturbing the judgment. In no manner could the circumstances have affected the result.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.