[Crim. No. 14782.   Second Dist., Div. One.   July 31, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM PAUL SUTTON et al., Defendants and Appellants.

Bruce P. Wolfe for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—In an information filed in Los Angeles on March 16, 1967, Hiruko was charged in count I thereof with burglarizing a George's Music Supply store on December 29, 1966, in count II Hiruko and Sutton were charged with burglarizing Penny Owsley Music Company on January 19, 1967, in count III Sutton was charged with burglarizing the Herweg and Sutter Company establishment on January 30,

1967, in count IV Hiruko was charged with burglary committed on February 12, 1967, in count V Hiruko, Mullin and Sutton were charged with a burglary of a motel on February 14, 1967, in count VI Hiruko, Mullin and Sutton were charged with kidnaping for the purpose of robbery on February 14, 1967, and in count VII Hiruko, Mullin and Sutton were charged with robbing Charavis Haagen and Paul Kurtzman of certain personal property on February 14, 1967. On April 26, 1967, the defendants were in court represented by counsel and without objection and upon motion of the prosecutor count VI as charged in the information was dismissed or stricken and count VII as originally filed was renumbered and became count VI. Each of the defendants withdrew his previous not guilty plea as to count VI, was rearraigned and pleaded guilty to the charge as contained in count VI. Further proceedings as to the change in count VI, the determination of the degree and the disposition of the remaining counts was continued to May 24, 1967. It was apparently stipulated that the degree could be fixed by the judge on the probation report. A probation report was ordered. On May 24, 1967, each defendant was found to be guilty of robbery in the first degree and sentenced to the state prison. The remaining counts were dismissed.

The defendants in a joint notice of appeal, timely filed on May 27, 1967, appeal from the judgment ''on the limited question of fixing of degree by the Court. . . .'' Mullin in a separate notice of appeal filed June 2, 1967, stated that he ''appeals from the judgment and sentence imposed . . . on May 24, 1967.''

█ Appellants sole contention is that the court erred in determining that the crime was robbery in the first degree in view of the fact that there is no allegation in the information to the effect that appellants were armed at the time of the commission of the offense.

A defendant may be convicted of first degree robbery where there is no allegation in the information that defendant was armed. (See *People* v. *Washington,* 243 Cal.App.2d 681, 687 [52 Cal.Rptr. 668].) █ ''The distinction to be drawn here is that although a first degree robbery conviction may be sustained where the information does not allege the use of a deadly weapon, Penal Code section 969c requires that before the additional penalties of Penal Code sections 3024 and 12022 may be imposed by the above indicated 'armed clause,' there must be both a prior allegation of the use or possession of a

deadly weapon and a finding supported by substantial evidence. (*People* v. *Calloway, supra* [127 Cal.App.2d 504 (274 P.2d 497)] ; *People* v. *Lesterjelte,* 40 Cal.App.2d 327 [104 P.2d 844] ; see also *People* v. *Williams, supra* [233 Cal.App.2d 520 (43 Cal.Rptr. 704)].) '' (See also *People* v. *Kelly,* 184 Cal. App.2d 611, 616 [7 Cal.Rptr. 600].)

This court pursuant to the Rules of Court has called for the original file in this case and has perused the probation officers' reports with respect to each of the appellants. It is stated in the report with reference to Hiruko in part as follows:

''On or about February 14, 1967, at approximately 8 :45 p.m., the defendant and codefendants perpetrated an armed robbery at the Palms Sunset Motel at 5224 Sunset Boulevard, Hollywood. The defendants tied up the clerk and the manager of the motel. They then took 14 television sets which were stored in the office, and loaded same into a 1961, white, Valiant sedan, which was backed up to the door of the office. Also taken was approximately $360 in cash. Police officers spotted the aforementioned Valiant sedan containing the defendant and codefendants at approximately 9 :45 p.m., southbound on La Brea. Officers had previously received a call describing the vehicle as being involved in the robbery. The car was stopped and officers further noted that the defendant and codefendants matched the description of the robbery suspects. They were placed under arrest. Officers searched the Valiant and uncovered from same a nine millimeter [*sic*] Smith and Wesson automatic revolver and a 7.6 milimeter [*sic*] Mauser automatic. After investigation of this matter, officers recovered the aforementioned television sets from a group of cabinets which were in the carport of defendant's apartment on 5442 La Mirada Street in Los Angeles.'' Mullin's report sets forth that Mullin stated that the weapon he used was given to him by Hiruko. Sutton's report sets forth:

''Orally, the defendant stated he was involved in three burglaries, however, denies burglarizing the Penny-Owsley. concern. He met the defendant and codefendant sometime prior to the present offense. The defendant states that he understood the televisions which they were going to take in the robbery were 'hot' and that they were just going to return them to the rightful owner. He was supposed to receive $25 for each television returned. The defendant admitted being armed and stated his weapon was given to him by an individual named Mike. He stated it was loaded, however,

there was not a bullet in the chamber. The defendant also stated he had a .25 caliber pistol with him when he came to Los Angeles. However, this was stolen from him. The defendant explained that following the robbery, he and codefendant Mullin walked back to codefendant Hiruko's apartment. They were on their way home, being driven by codefendant Hiruko when the police stopped and arrested them. The defendant states he could not obtain a job, support his wife and child, and thus committed the present offense. He explained that he does feel he needs psychiatric help 'as something is wrong with me.' This defendant was candid with the probation officer concerning his past criminal background.''

There can be no doubt that each appellant was guilty of robbery in the first degree and the judge properly so found.

The judgments are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 25, 1968.