[Crim. No. 18584. Second Dist., Div. Two. May 12, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
NATHANIEL WASHINGTON, Defendant and Appellant.

## COUNSEL

Philip J. Catanzaro, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Robert F. Katz and Herbert A. Levin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FLEMING, J.—██** Defendant appeals his judgment of conviction for armed robbery on the ground of insufficiency of the evidence. We find this contention without merit.

As Mrs. Ruby Lee Bead entered the Imperial Market in Los Angeles to shop in the late afternoon of 15 January 1970, she noticed defendant and another man standing outside. When she left the market defendant threatened her with a gun and seized her purse. Because her car keys were in

her purse Mrs. Bead pursued defendant on foot, and during the pursuit she was nearly hit by a bullet fired in her direction. Nevertheless she kept defendant in sight until he entered his house some blocks distant from the market with her purse still in hand.

Mrs. Bead had someone across the street call the police, and then she kept watch over defendant's premises until the police arrived. Defendant was arrested inside his house, and Mrs. Bead's purse was recovered in an alley a few feet from the side door of defendant's house. Her identification of defendant as the robber was positive.

Although defendant denied he had committed the offense, the foregoing evidence was credited by the trier of fact, and its finding is binding on us in appellate review. ■ Defendant's argument is but "a frank suggestion that this court should reweigh the evidence. This, of course, we cannot do. Even if this court were of the opinion that the evidence produced by appellant was reconcilable with innocence, if the [trier of fact], on conflicting evidence, has found to the contrary, the reviewing court is powerless to interfere. [Citations.]" (*People* v. *Kemp*, 55 Cal.2d 458, 471 [11 Cal.Rptr. 361, 359 P.2d 913].)

The proper form of judgment and sentence is also an issue in the cause. The information accused defendant of robbery and charged that at the time of the robbery he was armed with a deadly weapon, a .22 caliber revolver. The court, sitting without a jury, found defendant guilty of robbery in the first degree and found him to have been armed with a deadly weapon. Subsequently, the court entered a judgment which sentenced defendant to state prison and which recited that defendant had been found guilty of robbery in the first degree and found to have been armed as alleged (i.e., with a deadly weapon, a revolver). This crime took place subsequent to the effective date of Penal Code section 12022.5, adopted by the Legislature in 1969, which section provides that "any person who uses a firearm in the commission" of certain offenses, including robbery, shall be punished by imprisonment for not less than five years in addition to the punishment imposed for the offense itself. The section also provides that the additional period of imprisonment shall commence on the expiration of the sentence imposed for the offense itself and shall apply even when the use of the weapon is an element of the offense for which the person has been convicted. The issue is whether the provisions of Penal Code section 12022.5 apply to the judgment before us. ■ Since to establish a violation of the section the information must charge the accused with the use of a firearm and since the trier of fact must make a finding on the charge (*People* v. *Washington*, 243 Cal.App.2d 681, 687 [52 Cal.Rptr. 668]), two questions are involved: did the information at bench give sufficient notice of a

charge under section 12022.5, and did the court make a finding of sufficient specificity to subject defendant to the provisions of section 12022.5?

In charging an offense, an information need only use language sufficient to give the accused notice in substance of the offense with which he is charged. (Pen. Code, § 952; *People* v. *Atwood,* 223 Cal.App.2d 316, 323 [35 Cal.Rptr. 831]; *People* v. *Vetri,* 178 Cal.App.2d 385, 393 [2 Cal.Rptr. 795].) The information at bench alleged that Washington was armed with a deadly weapon, a .22 caliber revolver, at the time of the commission of the offense. We think this allegation provided sufficient notice to Washington that the prosecution intended to invoke an additional penalty by reason of his employment of a revolver during the commission of the robbery, whether the broader provisions of section 12022 or the narrower provisions of 12022.5. The scope of the former differs from that of the latter in three respects, illustrated by the following table:

| *Section 12022* | *Section 12022.5* |
|---|---|
| "armed" | "uses" |
| "deadly weapons" | "firearm" |
| "any felony" | "robbery" (and other enumerated felonies) |

In each of these, section 12022.5 is narrower than section 12022. A person is armed with a weapon within the meaning of section 12022 when he carries the weapon as a means of offense or defense. (*People* v. *Pheaster,* 215 Cal.App.2d 754, 759 [30 Cal.Rptr. 363].) Under Penal Code section 1203 "uses" has been construed to exclude nonvolitional discharge of a firearm (*People* v. *Alotis,* 60 Cal.2d 698, 705-707 [36 Cal. Rptr. 443, 388 P.2d 675]; *People* v. *Southack,* 39 Cal.2d 578, 591-592 [248 P.2d 12]) but to include the employment of a firearm to threaten, as well as to shoot or to strike (*People* v. *Young,* 105 Cal.App.2d 612, 614 [233 P.2d 155]). Thus, while anyone who uses a firearm must necessarily be armed with it the converse need not be true.

For the purposes of Penal Code section 12022 a firearm is included within the category of deadly weapon. (Pen. Code, §§ 3024, subd. (f), 12022.) Therefore, for the purposes of Penal Code section 12022, a "deadly weapon" allegation would necessarily be broad enough to entail a "firearm" allegation. Moreover, the information in the instant case does allege a firearm, "to wit, .22 caliber revolver."

The crime of robbery is subsumed under the category of felony. (Pen.

Code, §§ 17, 213.) In any event, the information alleges both robbery and felony.

Just as an allegation of robbery in the words of Penal Code section 211 will support a finding of first degree robbery without alleging the aggravating elements of first degree robbery stated in Penal Code section 211a (*People v. Sutton,* 264 Cal.App.2d 554, 555 [70 Cal.Rptr. 846]; *People* v. *Verdier,* 96 Cal.App.2d 29, 33 [214 P.2d 433]; *People* v. *Meyers,* 31 Cal.App.2d 515, 516-517 [88 P.2d 212], cert. den. (1939) 308 U.S. 554 [84 L.Ed. 466, 60 S.Ct. 113]), an allegation in the words of Penal Code section 12022 of being armed with a deadly weapon, to wit, a certain type of firearm, should support a finding of using a firearm without further necessity of alleging the aggravating element of use stated in section 12022.5.

■ The function of criminal pleadings under California law is to give an accused notice of the offense with which he is charged but not to provide him with notice of the particular circumstances of the charge, for such circumstances are furnished him in a transcript of the testimony on which the indictment or information is founded. (*People* v. *Marshall,* 48 Cal.2d 394, 399 fn. 5 [309 P.2d 456].) Any uncertainty in the pleading amounts to no more than a defect of form, which should be attacked by demurrer under Penal Code section 1004. ■ Failure to demur to an information on the ground of uncertainty constitutes a waiver of the objection (*People* v. *Heim,* 196 Cal.App.2d 1, 5 [16 Cal.Rptr. 277]; *People* v. *Burness,* 53 Cal.App.2d 214, 218 [127 P.2d 623]), and the validity of a subsequent judgment is not affected. (Pen. Code, § 960.)

■ The second question is whether the trial court's finding was sufficiently specific to bring the judgment within the operation of section 12022.5. We must initially determine whether under section 12022.5 *use* of a firearm means intentional discharge, or whether it means something less, such as display with menace. (Cf. *People* v. *Alotis,* 60 Cal.2d 698, 705 [36 Cal.Rptr. 443, 388 P.2d 675], and *People* v. *Southack,* 39 Cal.2d 578 [248 P.2d 12], with *People* v. *Young,* 105 Cal.App.2d 612, 614 [233 P.2d 155].)

According to Mrs. Bead, the victim of the robbery, defendant walked up to her, stuck a gun in her side and said, "I mean this is it. This is it. I mean it's not no play thing. This is it. Hand over everything you have." Defendant then seized her purse and ran. As she pursued him a shot was fired in her direction which nearly hit her. At the conclusion of the trial the judge expressly stated his belief in the honesty of Mrs. Bead and in the accuracy of her testimony.

If such testimony is fully credited, we think it would be an unreason-

able interpretation of the statute to hold that defendant did not use his firearm in the commission of this robbery or suggest that defendant did not use his gun to put Mrs. Bead in fear for her life and thereby persuade her to surrender her purse. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) "The fear mentioned in Section 211 may be either: (1) The fear of an unlawful injury to the person or property of the person robbed, or . . ." (Pen. Code, § 212.)

We have found no decision interpreting section 12022.5. However, in *People* v. *Young,* 105 Cal.App.2d 612 [233 P.2d 155], the trial court and the appellate court were called upon to interpret and apply what is essentially the same language in section 1203 of the Penal Code which declares that "probation shall not be granted . . . to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted." In *Young* appellant was convicted of robbery. He and a companion had gone to the home of the victim and when she asked what they wanted, appellant, who then had in his hand a .22 caliber rifle, stated to her that it was "a stickup." She testified that appellant "was holding it [the gun] with both hands on it, just about like you have it, only at the door he pointed it just a little bit toward me." The men demanded money and when they left, as the decision recites, "defendant, who carried the gun at all times, took a table radio with him."

In holding that the trial court correctly ruled that Young was ineligible for probation because he had *used* the gun in the commission of the robbery, the appellate court declared: "There can be no question but that the appellant used this deadly weapon in the perpetration of the crime and the only remaining argument is that he did not, within the meaning of the statute, use the same 'upon a human being.' However, when he presented himself with his companion at the doorway of the home of Mrs. Reyes, cradling the weapon in his arms in a position for ready use and said to her, 'This is a stickup' he used the weapon upon her. One of the common meanings of the word 'upon' is 'against,' particularly with relation to another person. Webster's International Dictionary gives the following definition: 'Against (one), as in vengeance.' Putting it another way, we do not think the statute means that in order to have used the rifle upon Mrs. Reyes the defendant would have had to either strike her or shoot her. We hold that the trial court correctly determined the question before it and that the appellant was not eligible for probation." (P. 614.)

We find the implications of the decisions in *People* v. *Southack,* 39 Cal.2d

578 [248 P.2d 12], and *People* v. *Alotis,* 60 Cal.2d 698 [36 Cal.Rptr. 443, 388 P.2d 675], consistent with the foregoing interpretation. In *Southack* the defendant was convicted of manslaughter. The Supreme Court held it was a question of fact whether or not defendant had used the gun within the meaning of Penal Code section 1203, there being evidence from which it could be inferred that he did not intentionally use the gun "but merely held it without due caution." In *Alotis* defendant was convicted of assault with a deadly weapon. The trial court sentenced her to one year in the county jail, suspended sentence and granted probation. The Supreme Court held the defendant was eligible for probation for two reasons: first, because the language of section 1203 referring to the use of a deadly weapon does not include "a non-volitional act," and second, because the crime for which defendant was convicted fell within the description of a misdemeanor by virtue of the sentence imposed. We conclude, therefore, that use of a firearm includes within its meaning display with menace during the course of the robbery.

However, in the case at bench the judgment of the trial court is ambiguous in that it did not explicitly state whether it found defendant had violated section 12022 or whether he had violated the more specific provisions of section 12022.5. In view of the severity of the additional punishment compelled by section 12022.5 we think defendant is entitled to a specific finding in the judgment as to whether his conduct amounted to a violation of that section. If the court should find a violation of section 12022.5 then its judgment should so state. If the court should find merely that defendant was armed with a deadly weapon then its judgment should follow the formula set forth in *People* v. *Floyd,* 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862].

The judgment is vacated, and the cause is remanded to the trial court, which is ordered to make a specific finding of fact on the application of section 12022.5 to the conduct of this defendant and then enter judgment in accordance with its finding.

Roth, P. J., concurred.

**HERNDON, J.**—I concur in the opinion and in the order remanding the cause to the trial court to make the required finding regarding the application of Penal Code section 12022.5. However, in view of the evidence which the trial court expressly accepted as true, the only finding which reasonably could have been made, and which now should be made, is that the defendant used the firearm in the commission of the robbery and that sections 1203 and 12022.5 of the Penal Code are therefore applicable.

Further, the decision in *People* v. *Floyd,* 71 Cal.2d 879, at pages 883-884 [80 Cal.Rptr. 22, 457 P.2d 862] makes it clear that Penal Code sections 3024 and 12022 are inapplicable and that there should be *"an express determination in the judgment* as to whether the defendant was armed with a deadly weapon within the meaning of section 1203 of the Penal Code." (Italics added.) By parity of reasoning the same determination as to the application of subsequently enacted section 12022.5 should appear *in the judgment.* In other words, *Floyd* plainly dictates that the judgment should indicate *on its face* which of these code sections are or are not applicable.

Accordingly, to paraphrase the language employed in the third full paragraph of *Floyd* on page 884, the judgment in the instant case should provide that at the time of the commission of the instant offense sections 3024 and 12022 of the Penal Code were inapplicable but that defendant was armed with a firearm which he used in the commission of the offense within the meaning of sections 1203 and 12022.5 of the Penal Code. The cause should be remanded to the trial court with directions to make the required findings and the required modification of the judgment.