Filed 12/30/25  P. v. Sampson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JASON ANTHONY SAMPSON,<br><br>Defendant and Appellant. | C102364<br><br>(Super. Ct. No. 24CF02020) |

Defendant Jason Anthony Sampson contends the trial court erred when it imposed a state prison term of eight months in jail for taking a police vehicle without consent rather than the correct four-month sentence for *attempted* taking, the crime specified by the complaint.  The appropriate term for an attempt is half the sentence for the completed crime, in this case, four months.  (Pen. Code, § 664, subd. (a).)[1]  The People agree

---

[1]  Undesignated statutory references are to the Penal Code.

1

defendant's sentence is unauthorized and must be corrected, as do we.  Accordingly, we will modify the sentence imposed for attempted theft to a term of four months and otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Given defendant's contentions on appeal, we provide only a limited recitation of the facts.  In April 2024, officers were dispatched to a park on a report of a domestic violence incident involving defendant and an unknown victim.  Upon arriving, officers learned defendant had left.  They could not locate the victim.  While at the park, officers were informed of a domestic violence situation at a convenience store involving defendant and the same victim.  Officers traveled to the convenience store where witnesses, and later the victim, told officers that defendant and the victim arrived there in a vehicle, the victim got out, the two argued, and defendant chased the victim and threw her to the ground.  The victim also reported defendant slapped her face.  Defendant fled in the vehicle.

Defendant drove to where the victim's vehicle was parked, broke five windows, and punctured a tire.  Officers searched the area but were unable to locate defendant.  Officers were able to contact defendant by telephone, but he refused to meet with the officers and threatened to shoot them.

Days later officers located defendant in his vehicle.  Their attempts to conduct a traffic stop failed.  Ultimately, officers deployed spike strips, disabling defendant's vehicle, which collided with the curb.  Defendant fled on foot.  When officers caught up to defendant, he was attempting to enter a parked car.  He then pointed a handgun at his head and threatened to shoot himself.  He walked to and entered an empty patrol car.  When officers observed defendant raising a weapon, they shot him five times.

Officers searched defendant's vehicle and found a loaded shotgun, shotgun shells, and a black container holding, among other things, methamphetamine and multiple knives.  Interviewed by officers at the hospital, defendant admitted abusing

2

methamphetamine, vandalizing the victim's vehicle, running red lights and stop signs to flee from officers, and entering a police vehicle in an attempt to get away.

In May 2024, a complaint charged defendant with exhibiting a deadly weapon to a police officer to resist arrest (§ 417.8; count 01), exhibiting a firearm in the presence of a police officer (§ 417, subd. (c); count 02), evading police while driving recklessly (Veh. Code, § 2800.2, subd. (a); count 03), two counts of domestic violence (§ 273.5, subd. (a); counts 04, 05), vandalism (§ 594, subd. (a); count 06), two counts of taking a vehicle without consent (Veh. Code, § 10851, subd. (a); counts 07, 08), and second degree burglary (§ 459; count 09). As to count 03, the complaint alleged defendant was armed with a firearm. (§ 12022, subd. (a)(1).)

In August 2024, defendant pleaded no contest to counts 01, 03, 04, 08 and 09. The remaining counts were dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

In October 2024, the trial court sentenced defendant to the middle term of three years on count 01 and imposed consecutive sentences of one-third the middle term of eight months on count 03, one year on count 04, eight months on count 08, and eight months on count 09, plus four months for the firearm enhancement, for an aggregate sentence of six years eight months in state prison. The court awarded defendant 345 days of presentence custody credit, 173 actual days and 172 conduct days. The court imposed mandatory minimum fines and assessments, and a $39 theft fine under section 1202.5.

Defendant timely appealed and did not request a certificate of probable cause.

DISCUSSION

Defendant contends that the term of imprisonment for count 08 should be reduced from eight months to four months because he was charged with attempted taking of a vehicle without consent but sentenced for the completed crime. He bases his claim on the allegations in count 08 of the complaint that a violation of Vehicle Code section 10851, subdivision (a) was committed by defendant, "who did *attempt* to take" a Chico Police

3

Department patrol car without consent.  (Italics added.)  The complaint does not refer to Penal Code section 664, subdivision (a), specifying that the sentence for an attempt is "one-half the term of imprisonment prescribed upon a conviction of the offense attempted."  The charging document, however, need not cite the statute to allege an attempt.  (See *People v. Hawley* (1930) 106 Cal.App. 216, 218 ["in charging an attempt to commit theft (even in the absence of direct statutory authorization therefor), it should be sufficient to allege that [the defendant] unlawfully attempted to commit the same offense"]; see also *People v. Heim* (1961) 196 Cal.App.2d 1, 4 [defendant was on notice of the charge against him where charging documents "specifically referred to attempted burglary"]; Pen. Code, § 952.)

Defendant further argues that counsel for the parties stipulated to the probation report as the factual basis of the plea.  The probation report stated that defendant "entered the patrol vehicle through the driver's side and closed the door."  Defendant did not move the patrol car.  The probation report also noted defendant's statement to the police that he entered the patrol car "in an attempt to get away . . . ."

A defendant pleading no contest is foreclosed from appealing on the ground that the plea lacks a factual basis.  (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1365-1366.)  However, in this instance the complaint expressly alleged that defendant was charged with an attempt, consistent with the facts set forth in the probation report.  The People agree that defendant is not challenging the factual basis of the plea, but rather that the trial court imposed an unauthorized sentence, and we agree that a sentence for a completed crime alleged as an attempted crime is unauthorized because it is in excess of the statutory maximum imposed by section 664.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354 [a sentence is unauthorized if "it could not be lawfully imposed under any circumstances in the particular case" and may be appealed despite failure to object below]; *People v. Anderson* (2020) 9 Cal.5th 946, 962 [an unauthorized sentence includes a " sentence in excess of the statutory maximum," which "[a]n appellate court would be

4

required to correct . . . even if raised for the first time on appeal, since such a correction would require no fact-specific inquiry and the sentence would be unlawful under any circumstances"].)

At the sentencing hearing, the trial court stated: "For the violation of Vehicle Code Section 10851(a), *as charged in Count 8*, the defendant is sentenced to state prison for a subordinate and consecutive term of eight months, which is one-third the middle term." (Italics added.) Count 08 as charged in the complaint specifically referred to defendant's "attempt" to violate Vehicle Code section 10851. (*People v. Heim, supra*, 196 Cal.App.2d at pp. 4-5.) One-third the middle term for an attempted violation of Vehicle Code section 10851, subdivision (a) under Penal Code section 1170, subdivision (h) is four months. (Veh. Code, § 10851, subd. (a); Pen. Code, §§ 664, 1170, subd. (h)(1).)

An appellate court "may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed." (§ 1260.) "When sentencing error does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified." (*People v. Haskin* (1992) 4 Cal.App.4th 1434, 1441.) Given that the sentencing error in the present case does not require further fact finding or the further exercise of discretion by the trial court, we will modify the sentence on count 08 to conform to the crime alleged in the complaint and section 664.

## DISPOSITION

The judgment is modified to strike the term of eight months on count 08 and substitute the term of four months, for a total sentence of six years four months in state

prison.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.


_____/s/_____
Duarte, J.

We concur:


_____/s/_____
Mauro, Acting P. J.


_____/s/_____
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.